**EXHIBIT
1**



Circuit Court Clerk's Office
Hardin County Justice Center
120 E. Dixie Avenue
Elizabethtown, KY 42701

RETURN TO SENDER

☐ UNDELIVERABLE AS ADDRESSED
☐ ATTEMPTED NOT KNOWN
☐ INSUFFICIENT ADDRESS
☐ NO MAIL RECEPTACLE
☐ TEMPORARILY AWAY
☐ NO SUCH NUMBER
☐ NO SUCH STREET
☐ IN DISPUTE
☐ BOX CLOSED
☐ MLNA - UNABLE TO FORWARD
☐ VACANT
☑ REFUSED
☐ DECEASED
☐ ILLEGIBLE
☐ UNCLAIMED

REFUSED

3-21-15



REFUSED

Gary Matthews
c/o Gulf Coast Enterprises
1730 Phantom Division Road
Fort Knox, KY ████1

40121



NIXIE   401212011-1N   03/26/15

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD
RETURN TO SENDER

FILED
2015 MAR 30 AM 9 43
HARDIN C    CIRCUIT COURT
LORET    CLERK
BY        D.C.

---

COMPLETE THIS SECTION

Items 1, 2, and 3. Also complete
restricted Delivery is desired.
name and address on the reverse
can return the card to you.
card to the back of the mailpiece,
ront if space permits.

essed to:

atthews

Coast Enterprises

antom Division Road

ox, KY 41021

374

or
n service label)   7014 1820 0001 2384 3763

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

B. Received by (Printed Name)    C.

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail®        ☐ Priority Mail Express™
☑ Registered             ☐ Return Receipt for Merchandise
☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☑ Yes

FILED

2015 MAR 23  PM 12 27

HARDIN CO. CIR/DIST COURT
LORETTA GRADY, CLERK

BY _____ D.C.

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature X *Melissa Moore* ☐ Agent ☐ Addressee B. Received by (*Printed Name*) C. Date of Delivery Melissa Moore |
| 1. Article Addressed to: CT CORPORATION 306 w. Main Street, Suite 512 Frankfort, KY 40601 Source America, Inc 15-CI-374 | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
| | 3. Service Type ☑ Certified Mail   ☐ Express Mail ☑ Registered   ☐ Return Receipt for Merchandise ☐ Insured Mail   ☐ C.O.D. 4. Restricted Delivery? (*Extra Fee*)   ☑ Yes |
| 2. Article Number (*from service label*) | 7010 3090 0001 7806 6464 |

102595-02-M-1540

FILED

2015 MAR 23  PM 12 28

HARDIN CO. CIR/DIST COURT
LORETTA GRADY, CLERK

BY _____ D.C.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent  ☑ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery <br> Thru left brown  3/19/15 <br> D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☑ No |
| 1. Article Addressed to: <br> 15 CI-314 <br> **Hamlette Braxton** <br> **Fort Knox The Ginn Group, Inc.** <br> **1730 Phantom Division Road** <br> **Fort Knox, KY 41021** | 3. Service Type <br> ☑ Certified Mail  ☐ Express Mail <br> ☑ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☑ Yes |
| 2. Article Number <br> (Transfer from service label) | 7010 3090 0001 7806 6457 |

PS Form 3811, February 2004          Domestic Return Receipt

FILED

2015 MAR 23  PM 12:27

HARDIN CO. CIR/DIST COURT
LORETTA GRADY, CLERK

BY _____ D.C.

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Linda C. Smith_  □ Agent  □ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>421 West Main Street<br>Frankfort, KY  40601<br><br>Gulf Coast Enterprises<br>15-CI-374 | D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:  □ No |
| | 3. Service Type<br>☑ Certified Mail  □ Express Mail<br>☑ Registered  □ Return Receipt for Merchandise<br>□ Insured Mail  □ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☑ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7014 1820 0001 2384 3756 |
| PS Form 3811, February 2004 | |

| AOC-105          Doc. Code: CI | | Case No. | 15-CI-374 |
| Rev. 1-07 | | | |
| Page 1 of 1 | CIVIL SUMMONS | Court | ☑ Circuit  ☐ District |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | | County | Hardin   DIV II |
| CR 4.02; CR Official Form 1 | | | |

**PLAINTIFF**

ROBERT                    RAY            REED

50 Old Oak Drive
Vine Grove              Kentucky        40175

VS.

**DEFENDANT**

THE GINN GROUP, INC.

200 Westpark Drive

Suite 100

Peachtree City          Georgia         30269

Service of Process Agent for Defendant:

| HAMLETTE | | BRAXTON | |
| FORT KNOX THE GINN GROUP, INC. | | | |
| 1730 Phantom Division Road | | | |
| Fort Knox | | Kentucky | 40601 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on** ...er is delivered to you, judgment by default may be taken against you

...parties demanding relief against you are shown on the document

LORETTA CRADY, CLERK

By: _____ Clerk

_____ D.C.

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 12.66 | |

Sent To
HAMLETTE BRAXTON
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4
Fort Knox The Ginn Group, Inc.
1730 Phantom Division Road
Fort Knox, KY 40601

PS Form 3800, August 2006

15-CI-374

**Proof of Service**

...copy and the Complaint (or other initiating document) to:

_____

Served by: _____

_____ Title

CM 7010 3090 0001 7806 6457

| AOC-105 | Doc. Code: CI | | Case No. | 15-CI-374 |
|---|---|---|---|---|
| Rev. 1-07 | | | Court | ✓ Circuit ☐ District |
| Page 1 of 1 | | | | |
| Commonwealth of Kentucky | | | County | Hardin  DIV II |
| Court of Justice   www.courts.ky.gov | | CIVIL SUMMONS | | |
| CR 4.02; CR Official Form 1 | | | | |

PLAINTIFF

ROBERT                          RAY              REED

50 Old Oak Drive
Vine Grove                    Kentucky            40175

VS.

DEFENDANT

SOURCEAMERICA, INC.

8401 Old Courthouse Road
Vienna                        Virginia            22182

**Service of Process Agent for Defendant:**
CT CORPORATION

306 W. Main Street, Suite 512

Frankfort                                     Kentucky            40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby ~~notified~~ ...  been filed **against you** in this Court demanding relief as shown on ... Unless **a written defense is made by you or by an attorney on** ...per is delivered to you, judgment by default may be taken against you

... parties demanding relief against you are shown on the document

LORETTA CRADY, CLERK

_____ Clerk

By: _____ D.C.

**Proof of Service**

opy and the Complaint (or other initiating document) to:

_____

Served by: _____

_____ Title



U.S. Postal Service
**CERTIFIED MAIL   RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 12.66 | 15-CI-374 |

Sent To
CT CORPORATION
Street, Apt. No.; 306 w. Main Street, Suite 512
or PO Box No. Frankfort, KY 40601
City, State, ZIP+4  Source America Inc

PS Form 3800, August 2006

Cm 7010  3090  0001  7806  6464

| AOC-105          Doc. Code: CI | | Case No. | 15-CI-374 |
| Rev. 1-07 | | Court | ☑ Circuit   ☐ District |
| Page 1 of 1 | | County | Hardin   DIV II |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | CIVIL SUMMONS | | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

ROBERT          RAY          REED

50 Old Oak Drive
Vine Grove                Kentucky          40175

VS.

DEFENDANT

GULF COAST ENTERPRISES

1730 Phantom Division Road
Fort Knox                 Kentucky          40121

**Service of Process Agent for Defendant:**
CSC-LAWYERS INCORPORATING SERVICE COMPANY

421 West Main Street

Frankfort, KY  40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

...been filed against you in this Court demanding relief as shown on
... Unless a written defense is made by you or by an attorney on
...aper is delivered to you, judgment by default may be taken against you

... or parties demanding relief against you are shown on the document

LORETTA CRADY, CLERK

_____ Clerk

By: _____ D.C.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 12.66 | 15-CI-374 |

Sent To   CSC-LAWYERS INCORPORATING
Street & Apt. No.,   SERVICE COMPANY
or PO Box No.   421 West Main Street
City, State, ZIP+4   Frankfort, KY  40601
Gulf Coast Ent.

PS Form 3800, July 2014   See Reverse for Instructions

**Proof of Service**
...e copy and the Complaint (or other initiating document) to:

Served by: _____

_____ Title

CM  7014  1820  0001  2384  3756

COMMONWEALTH OF KENTUCKY
HARDIN COUNTY CIRCUIT COURT
DIVISION ___II___
CASE NUMBER ___15-CI-374___

FILED

2015 MAR 16  AM 10 40

HARDIN CO. CIRCUIT COURT
LORET... PLAINTIFF
BY _____ D.C.

ROBERT RAY REED
50 OLD OAK DRIVE
VINE GROVE, KENTUCKY 40175

v.                          **COMPLAINT**

GULF COAST ENTERPRISES                          DEFENDANT
1730 PHANTOM DIVISION ROAD
FORT KNOX, KENTUCKY 40121

        Serve:      CSC-LAWYERS INCORPORATING SERVICE COMPANY
        421 W. MAIN STREET
        FRANKFORT, KY 40601

AND

THE GINN GROUP, INC.                            DEFENDANT
200 WESTPARK DRIVE SUITE 100
PEACHTREE CITY, GA 30269

        Serve:      HAMLETTE BRAXTON
        FT KNOX THE GINN GROUP, INC.
        170 PHANTOM DIVISION ROAD
        FORT KNOX, KY 40121

AND

SOURCEAMERICA, INC.                             DEFENDANT
8401 OLD COURTHOUSE ROAD
VIENNA, VIRGINIA 22182

        Serve:      CT CORPORATION SYSTEM
        306 W. MAIN STREET
        SUITE 512
        FRANKFORT, KY 40601

1

**AND**

**GARY MATTHEWS, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, EMPLOYEE OF
GULF COAST ENTERPRISES
1730 PHANTOM DIVISION ROAD
FORT KNOX, KENTUCKY 40121**

FILED

2015 MAR 16  AM 10 40
DEFENDANT
HARDIN CO. CIR/DIST COURT
LORETTA GRADY, CLERK

BY_____ D.C.

**\*\*\*\*\*\*\*\*\*\*\*\***

Comes now the Plaintiff, Robert Ray Reed, by and through counsel, and for his Complaint against the Defendants, Gulf Coast Enterprises, The Ginn Group, Inc., SourceAmerica, Inc., and Gary Matthews, states and represents as follows:

## JURISDICTION AND VENUE

1. At all times relevant to this lawsuit, the Plaintiff, Robert Ray Reed, was a resident of Vine Grove, Hardin County, Kentucky. The Plaintiff's residence is located at 50 Old Oak Drive, Vine Grove, Hardin County, Kentucky 40175;

2. At all times relevant to this lawsuit the Plaintiff was employed by the Defendant Gulf Coast Enterprises;

3. That since November 1, 2011 the Plaintiff had been employed through the AbilityOne Program by the Defendant Gulf Coast Enterprises;

4. A Defendant in this action is Gulf Coast Enterprises (hereinafter "Gulf Coast") and the relevant events to this complaint occurred at the Defendant's offices located at 1730 Phantom Division Road, Fort Knox, Hardin County, Kentucky 40121;

5. That Defendant Gulf Coast's service agent is CSC-Lawyers Incorporating Service Company, located at 421 W. Main Street, Frankfort, Franklin County, Kentucky 40601;

2

6. A Defendant in this action is The Ginn Group, Inc. (hereinafter "Ginn Group") and the relevant events to this complaint occurred at the Defendant's offices located at 170 Phantom Division Road, Fort Knox, Hardin County, Kentucky 40121;

7. That Defendant GinnGroups's service agent is Hamlette Braxton, FT Knox The Ginn Group, Inc., 170 Phantom Division Road, Fort Knox, Kentucky 40121;

8. A Defendant in this action is SourceAmerica, Inc. (hereinafter "SourceAmerica") and the relevant events to this complaint occurred at the Defendant Ginn Group's and Defendant Gulf Coast's Fort Knox locations;

9. That Defendant SourceAmerica's service agent is C.T. Corporation System, located at 306 W. Main Street, Suite 512, Frankfort, Franklin County, Kentucky40601;

10. A Defendant in this action is Gary Matthews, in his individual and supervisory capacity,

11. The Plaintiff's claims arise under the Kentucky Civil Rights Act, Kentucky Revised Statues Chapter 344 (hereinafter, "KRS 344"), KRS §337, various torts recognized in the Commonwealth of Kentucky, and relate to his employment by the Defendant Gulf Coast;

12. The Plaintiff worked at the Lakeview Center Inc. located at 1730 Phantom Division Road, Fort Knox, Hardin County, Kentucky 40121, in the General Maintenance department until he was wrongfully and pretextually terminated on or about November 12, 2013;

13. All actions of which the Plaintiff complains herein occurred in Ft. Knox; Hardin, Meade and Bullitt County, Kentucky;

14. Plaintiff's damages exceed the $5,000.00 minimum jurisdictional threshold for this Court; therefore, jurisdiction is proper;

15. Venue properly lies with this Honorable Court;

3

## FACTS

16. The Plaintiff incorporates the preceding paragraphs, 1 through 15, as if fully set forth herein;

17. That the Plaintiff started work on November 01, 2011;

18. That the Plaintiff had and continues to have a 90% disability rating from the Veterans' Health Administration;

19. That the Plaintiff obtained a position from a company that specializes in hiring disabled people to fulfill army contracts;

20. That Defendant SourceAmerica subcontracts out to Defendant Ginn Group and Defendant Gulf Coast;

21. That the supervisors working with the Plaintiff were employed by Defendant Ginn Group;

22. That the Plaintiff requested reasonable accommodations from Defendant Gulf Coast during the hiring process;

23. That Defendant Gulf Coast hired Plaintiff with the understanding that they would provide reasonable accommodations;

24. That Defendant Gulf Coast failed to provide the reasonable accommodations;

25. That because of Defendant Gulf Coast's failure, Plaintiff suffered a severe injury to his right talar dome (a bone in his ankle);

26. That the Plaintiff now requires ankle fusion surgery which will permanently deprive him of the range of motion in that ankle;

27. That the Plaintiff requested no repeated or prolonged bending of his right leg due to his disability related to knee damage;

28. That Defendant Gulf Coast stated that would not be an issue since providing reasonable accommodations for disabled workers is part of their business plan;

4

29. That Plaintiff was not provided the reasonable accommodation of no repeated or prolonged bending of the knee;

30. That Plaintiff was made to do landscaping duties on slopped surfaces;

31. That this required Plaintiff to constantly and repeatedly to bend his leg;

32. That Plaintiff asked for reasonable accommodations regarding time to visit therapists and doctors regarding Plaintiff's PTSD;

33. That Defendant Gulf Coast assured Plaintiff that he would be provided all of the time that he needed, that they would not hold his appointments against him or charge him vacation time;

34. That after approximately one year the Defendant began to charge Plaintiff vacation time for his medical appointments;

35. That Defendant Gulf Coast started the "look back program", wherein they charged doctor's visits against unearned, future vacation time;

36. That Defendant Gary Matthews, an employee of Defendant Ginn Group and the Plaintiff's supervisor, stated that the Plaintiff should be careful to "not accommodate himself out of a job".;

37. That Plaintiff has not worked since his injury on November 12, 2013;

38. That Plaintiff filed an EEOC Complaint;

39. That Defendant Gulf Coast accommodated certain employees, such as Aubrey Reins, while failing to accommodate Plaintiff;

40. That Defendant hired Aubrey Reins' non-disabled family members due to the family members' lack of disability accommodation requirements;

41. That the AbilityOne program requires that Defendant Gulf Coast hire disabled employees;

42. That a former disabled employee, Jeremy Lowe, was not given accommodations and was then laid off due to poor performance evaluations;

5

43. That Mr. Lowe's poor performance evaluations were due to no reasonable accommodations being provided to Mr. Lowe, and were pretextual reasons for Mr. Lowe's illegal dismissal;

44. That despite their promise to bring Mr. Lowe back when they were awarded a pool contract, Defendant Gulf Coast hired Aubrey Reins' nephew, who is not disabled, to replace Mr. Lowe;

45. That Plaintiff had been weed-eating for an hour and a half on the date of his injury, November 12, 2013;

46. That on the Plaintiff's Personnel Evaluation, the Plaintiff was given the score of 1 out of 5 for attendance;

47. That the Plaintiff was absent for work on days he went to doctor's appointments;

48. That the Plaintiff had no unexcused absences;

49. That the Plaintiff always provided documentation of his appointments;

50. That the Plaintiff received a "2" on punctuality despite the fact that Plaintiff was rarely, if ever, late;

51. That Dennis Vandiver, an employee of Defendant Ginn Group, called the Plaintiff "Silent Bob" in reference to the Plaintiff's PTSD symptoms;

52. That Aubrey Reins obtained an unjustifiably better evaluation score for attendance and punctuality despite missing significantly more time than Plaintiff;

53. That Plaintiff is permanently disabled;

54. That Aubrey Raines was hired on November 1, 2011, the same day as the Plaintiff;

55. That Aubrey Raines was provided reasonable accommodations despite Plaintiff requesting, and failing to receive, similar accommodations;

56. That Aubrey Raines was provided special treatment not due to his disabilities, but due to his relationship with the supervisors and managers of Defendant Ginn Group;

57. That Defendant's constructively discharged the Plaintiff by refusing to give him work hours;

58. That Plaintiff was not notified of any potential or pending discharge;

59. That Plaintiff found out he was terminated in February of 2014;

## COUNT I: DISABILITY DISCRIMINATION

60. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 59 above, as if fully set forth with particularity herein;

61. That Plaintiff took leave for medical conditions from 2011 until his pretextual termination in November of 2013;

62. That Defendant Gulf Coast used contrived evaluations to target Plaintiff for termination;

63. That Defendant Gulf Coast targeted Plaintiff because of his need and requests for accommodations;

64. That Defendant Gulf Coast and Defendant Ginn Group allowed employees to mock the Plaintiff due to his PTSD symptoms;

65. That when Plaintiff asked for reasonable accommodations to be able to perform his job safely, Defendant Gulf Coast's accommodations were either insufficient or non-existent;

66. That it's unlawful to discriminate on the basis of a disability under KRS §344.040;

67. That Plaintiff having shown that he was treated differently, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Gulf Coast;

## COUNT II: NEGLIGENT HIRE/RETENTION/SUPERVISION

68. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 67 above, as if fully set forth with particularity herein;

7

69. That Defendant Ginn Group hired a discriminatory and antisocial person in Defendant Matthews;

70. That Defendant Ginn Group had a duty to investigate Defendant Matthews's professional past;

71. That Defendant Ginn Group knew or should of known of Defendant Matthews's propensity to discriminate, harass, and bully co-workers;

72. That Plaintiff was subjected to Defendant Matthew's harassment, discrimination, and bullying;

73. That as a direct and proximate result of Defendant Matthew's actions and Defendant Gulf Coast's failure to act, Plaintiff suffered hardships caused by Defendant Matthews' discriminatory and tortious behavior;

74. That Plaintiff having shown that he was treated differently, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Gulf Coast;

## COUNT III: PROMISSORY ESTOPPEL

75. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 74 above, as if fully set forth with particularity herein;

76. That by maintaining, issuing, publishing, and making known that Defendant Gulf Coast has guidelines, protections and procedures in place to ensure that all employees are reasonably protected and supported in the workplace, Defendant Gulf Coast warranted that it would take appropriate action to protect its employees;

77. That Defendant Gulf Coast made these promises under the expectation that these safeguards would induce workers to accept employment;

78. That the safeguards and procedures induced the Plaintiff to accept employment;

8

79. That the Plaintiff relied on Defendant Gulf Coast's promises to his detriment;

80. That Plaintiff's reliance was reasonable;

81. That Plaintiff having shown that promises were made and broken, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Gulf Coast;

## COUNT IV: FAILURE TO PROTECT

82. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 81 above, as if fully set forth with particularity herein;

83. That Defendant Gulf Coast was under an obligation to maintain a safe atmosphere for employees;

84. That Defendant Ginn Group hired Mr. Vandiver, Defendant Reins, Defendant Matthews and others who acted against the provisions of state law;

85. That Mr. Vandiver, Defendant Reins, Defendant Matthews and others engaged in a course of conduct that was abusive, discriminatory, and tortious as described hereinabove;

86. That Defendant Gulf Coast tolerated Defendant Matthew's, Defendant Reins' and Mr. Vandiver's behavior and was on notice of it;

87. That Plaintiff was a victim of Mr. Vandiver, Defendant Reins, Defendant Matthews cruel and devious treatment and Defendant Gulf Coast, Defendant Ginn Group, and Defendant Source America did not act to protect Plaintiff to his detriment;

88. That Plaintiff having shown that his constitutional rights were not protected by Defendant Gulf Coast to his detriment, and has suffered, and will continue to suffer, monetary losses based on

humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Gulf Coast;

## COUNT V: CIVIL CONSPIRACY

89. Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 88above, as if fully set forth with particularity herein;

90. That Defendant SourceAmerica, through its agents, including Defendant Gulf Coast, Defendant Ginn Group, Defendant Reins, and Defendant Matthews, have been and are engaging in a pretextual and corrupt combination of schemes to discriminate on the basis of disability in violation of KRS 344;

91. That as a result of said schemes, Plaintiff was constructively terminated although he possesses the requirements necessary to hold his position;

92. That the Defendants receive federal funds, either directly or indirectly, for hiring disabled veterans;

93. That Defendant SourceAmerica is responsible for the acts of agents and employees while agents and employees are acting within their scope of employment;

94. That a conspiracy is ongoing within Defendant SourceAmerica, Defendant Ginn Group, and Defendant Gulf Coast's facilities to violate the civil rights of employees;

95. That Plaintiff having shown that he was treated differently, to his detriment, has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Gulf Coast;

## COUNT VI: CIVIL CONSPIRACY(RETALIATION)

96. Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 95 above, as if fully set forth with particularity herein;

97. That KRS §344.280 protects individuals from retaliation due to opposing unlawful discrimination or exercising statutory protected rights;

98. That Plaintiff requested reasonable accommodations and was punished for his request;

99. That requesting reasonable accommodations for disabilities is a protected activity under the laws and statutes of the Commonwealth of Kentucky;

100. That Plaintiff opposed and complained about the unlawful practices of Defendants Reins, Matthews, Ginn Group, Gulf Coast, and Source America;

101. That Plaintiff was punished by adverse employment actions due to his lawful actions;

102. That the retaliatory actions against Plaintiff are ongoing;

103. That the Defendants continue refuse to answer Plaintiff's inquiries regarding his legal status and rights;

104. That Plaintiff having shown that he was retaliated against, to his detriment, has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Gulf Coast;

## COUNT VII: RETALIATION (EEOC)

105. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 104 above, as if fully set forth with particularity herein;

106. That KRS 344.280(1) makes it an unlawful employment practice "for a person, or for two (2) or more persons to conspire: To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made

11

a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter;"

107. That Plaintiff engaged in a protective activity by filing a complaint with the EEOC;

108. That the exercise of Plaintiff's civil rights was known by Defendants Gulf Coast, Ginn Group and SourceAmerica;

109. That, thereafter, Defendants Gulf Coast, Ginn Group and SourceAmerica took employment action adverse to Plaintiff, including retaliatory negative scoring on performance evaluations;

110. That there is a causal connection between the protected activity and the adverse employment action;

111. That Plaintiff, having shown demonstrated a *prima facie* case of retaliation, has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Gulf Coast;

## COUNT VIII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

112. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 111 above, as if fully set forth with particularity herein;

113. That Defendants Gulf Coast, Ginn Group and SourceAmerica negligently failed to inform the Plaintiff of his employment termination/status;

114. That this outrageous act of nonfeasance was separate and distinct from the Defendants' acts of discrimination;

115. That the Defendants' nonfeasance directly caused the Plaintiff severe mental and emotional injuries;

12

116. That Plaintiff's emotional injuries are, so severe that medical professionals have recommended hospitalization;

117. That due to Defendant Gulf Coast's conduct, Plaintiff has difficulties leaving the house outside of leaving for medically required appointments;

118. That Plaintiff having shown that he suffered mental distress, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, anxiety, loss of income,and all benefits accrued by the Plaintiff during his employment with Defendant Gulf Coast;

**WHEREFORE,** the Plaintiff, Robert Reed, prays that this Court:

1.  Declare Defendant SourceAmerica's conduct in violation of Mr. Reed's rights;

2.  Declare Defendant Ginn Group's conduct in violation of Mr. Reed's rights;

3.  Declare Defendant Gulf Coast's conduct in violation of Mr. Reed's rights;

4.  Declare Defendant Matthews's conduct in violation of Mr. Reed's rights;

5.  Declare Defendant Reins' conduct in violation of Mr. Reed's rights;

6.  Award Mr. Reed compensatory damages in such amounts as must be proved at trial for his economic and other losses;

7.  Award Mr. Reed damages in an amount to be proved at trial for the humiliation, embarrassment, personal indignity, apprehension about his future, emotional distress, and mental anguish, which Defendants SourceAmerica, Ginn Group, Gulf Coast, Reins and Matthews caused Mr. Reed by their illegal and discriminatory acts toward him;

13

8.  Award Mr. Reed punitive damages against Defendants SourceAmerica, Ginn Group, Gulf Coast, Reins and Matthews for their serious intentional wrongs they committed against him alleged herein above;

9.  Award Mr. Reed costs, interest, and attorney's fees pursuant to KRS 344;

10. Grant Mr. Reed such further relief as this Court may deem just and proper.

<b><u>JURY DEMAND</u></b>

The Plaintiff, Robert Reed, demands a jury to all issues triable by jury.

Respectfully Submitted,

Samuel G. Hayward
Samuel "Chip" G. Hayward
ADAMS HAYWARD & WELSH
4036 Preston Highway
Louisville, Kentucky 40213
(502) 366-6456
Counsel for Plaintiff

14

**COMMONWEALTH OF KENTUCKY**
**HARDIN COUNTY CIRCUIT COURT**
**DIVISION II**
**CASE NO. 15-CI-00374**

FILED

2015 APR 13  AM 8 20

HAR̶̶̶**PLAINTIFF**
LORE,                      ,̶T
BY _____ ∂.C.

**ROBERT RAY REED**                                        **PLAINTIFF**

**v.**

**GULF COAST ENTERPRISES; ET AL.**                         **DEFENDANTS**

\*\*\*\*\*     \*\*\*\*\*     \*\*\*\*\*

## ENTRY OF APPEARANCE

Please take notice that attorneys John O. Sheller and Jeffrey J. Chapuran of Stoll Keenon

Ogden PLLC hereby enter an appearance in this matter as counsel for Defendant SourceAmerica,

Inc.  Messrs. Sheller and Chapuran can be reached at the following addresses:

John O. Sheller, Esq.              Jeffrey J. Chapuran, Esq.
Stoll Keenon Ogden PLLC            Stoll Keenon Ogden PLLC
2000 PNC Plaza                     300 West Vine Street
500 West Jefferson Street          Suite 2100
Louisville, KY  40202              Lexington, KY  40507

Respectfully submitted,

Jeffrey J. Chapuran
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY  40507-1801
Phone:  (859) 231-3000
Fax:  (859) 231-3000
jeff.chapuran@skofirm.com

-and-

John O. Sheller
Stoll Keenon Ogden PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202-2828
Phone: (502) 560-4288
Fax: (502) 562-0939
john.sheller@skofirm.com
*Counsel for Defendant SourceAmerica, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2015, the foregoing Entry of Appearance was served on the following by U.S. Mail:

Samuel G. Hayward, Esq.
Samuel G. "Chip" Hayward Jr.
ADAMS HAYWARD & WELSH
4036 Preston Highway
Louisville, KY 40213
*Counsel For Plaintiff*

Craig L. Johnson, Esq.
Whonsetler & Johnson, PLLC
11901 Brinley Avenue
Louisville, KY 40243
*Counsel for Defendant Gulf Coast Enterprises*
*And Gary Matthews*

Sean Ragland, Esq.
Phillips Parker Orberson & Arnett PLC
716 West Main Street, Suite 300
Louisville, KY 40202
*Counsel for Defendant The Ginn Group, Inc.*

*Counsel for Defendant SourceAmerica, Inc.*

109439.151592/4370252.1

2

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**DIVISION II**
**CIVIL ACTION NO. 15-CI-00374**

ROBERT RAY REED                                                    PLAINTIFF

vs.

GULF COAST ENTERPRISES, et al.                                    DEFENDANTS

<u>**ANSWER OF DEFENDANT, GULF COAST ENTERPRISES,**</u>
<u>**TO PLAINTIFF'S COMPLAINT**</u>

Defendant, Gulf Coast Enterprises, by and through counsel, for its Answer to Plaintiff's

Complaint, states as follows:

1.      The Defendant has insufficient knowledge or information upon which to form a

belief as to the truth or falsity of the allegations contained within paragraph 1 of the Plaintiff's

Complaint.

2.      The Defendant admits paragraph 2 of the Plaintiff's Complaint.

3.      In response to paragraph 3 of the Plaintiff's Complaint, Gulf Coast Enterprises is

a provider of service contracts under the authority of the AbilityOne Program.

4.      In response to paragraphs 4 and 5 of the Plaintiff's Complaint, Gulf Coast

Enterprises is a division of Lakeview Center, Inc., whose principle office is located at 1221 West

Lakeview Avenue, Pensacola, Florida.  The Defendant admits that CSC- Lawyers if the service

agent for Lakeview Center, Inc.  The Defendant admits that it has an office located at 1730

Phantom Division Road, Fort, Knox, Kentucky.

5.      The Defendant has insufficient knowledge or information upon which to form a

belief as to the truth or falsity of the allegations contained within paragraphs 6, 7, 8 and 9 of the

Plaintiff's Complaint.

RECEIVED
APR 1 6 2015
mLL

6.      With respect to paragraph 10 of the Plaintiff's Complaint, the Defendant admits that Gary Matthews has been named as a Defendant in this action.

7.      In response to paragraph 11 of the Plaintiff's Complaint, the Defendant states that Plaintiff is not entitled to any relief sought in this action.

8.      In response to paragraph 12 of the Plaintiff's Complaint, the Defendant admits that Plaintiff was employed by Gulf Coast, a division of Lakeview Center, Inc.  The Defendant denies the allegations of wrongdoing asserted within said paragraph.

9.      The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraph 13 of the Plaintiff's Complaint.

10.     No response is required to paragraphs 14 and 15 of the Plaintiff's Complaint in that they state a legal conclusion.

11.     With respect to paragraph 16 of the Plaintiff's Complaint, the Defendant restates and reaffirms all prior responses as if set forth fully herein.

12.     The Defendant admits paragraph 17 of the Plaintiff's Complaint.

13.     The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraph 18 of the Plaintiff's Complaint.

14.     In response to paragraph 19 of the Plaintiff's Complaint, the Defendant states that its mission is to help people with disabilities overcome life's challenges by connecting them to meaningful jobs

15.     In response to paragraph 20 of the Plaintiff's Complaint, the Defendant admits that it has a contractual relationship with SourceAmerica and The Ginn Group.

2

16.     In response to paragraph 21 of the Plaintiff's Complaint, the Defendant states that Plaintiff's supervisors were not employed by Gulf Coast.

17.     The Defendant denies paragraph 22 of the Plaintiff's Complaint.

18.     In response to paragraph 23 of the Plaintiff's Complaint, the Defendant states that it complies with all applicable federal and state laws and regulations.

19.     The Defendant denies paragraphs 24, 25 and 26 of the Plaintiff's Complaint.

20.     In response to paragraph 27 of the Plaintiff's Complaint, the Defendant incorporates herein by reference the Plaintiff's personnel file for any accommodation requests made by the Plaintiff.

21.     In response to paragraph 28 of the Plaintiff's Complaint, the Defendant states that it complies with all applicable federal and state laws and regulations.

22.     The Defendant denies paragraph 29 of the Plaintiff's Complaint.

23.     The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraphs 30 and 31 of the Plaintiff's Complaint.

24.     In response to paragraph 32 of the Plaintiff's Complaint, the Defendant incorporates herein by reference the Plaintiff's personnel file for any accommodation requests made by the Plaintiff.

25.     In response to paragraphs 33, 34 and 35 of the Plaintiff's Complaint, the Defendant denies the Plaintiff's allegations.  The Defendant states that to the extent an employee has available vacation time said vacation time is utilized for any missed time from work.

26.     In response to paragraph 36 of the Plaintiff's Complaint, the Defendant admits that Gary Matthews was an employee of The Ginn Group.   The Defendant has insufficient

knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations.

27.    The Defendant admits paragraphs 37 and 38 of the Plaintiff's Complaint.

28.    The Defendant denies paragraphs 39, 40, 41, 42, 43 and 44 of the Plaintiff's Complaint.

29.    The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraph 45 of the Plaintiff's Complaint.

30.    In response to paragraphs 46, 47, 48, 49 and 50 of the Plaintiff's Complaint, the Defendant incorporates herein by reference the Plaintiff's personnel file for any accommodation requests made by the Plaintiff.

31.    The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraphs 51 and 52 of the Plaintiff's Complaint.

32.    The Defendant denies paragraph 53 of the Plaintiff's Complaint.

33.    The Defendant admits paragraph 54 of the Plaintiff's Complaint.

34.    The Defendant denies paragraphs 55, 56, and 57 of the Plaintiff's Complaint.

35.    The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraphs 58 and 59 of the Plaintiff's Complaint.

36.    With respect to paragraph 60 of the Plaintiff's Complaint, the Defendant restates and reaffirms all prior responses as if set forth fully herein.

37.     In response to paragraph 61 of the Plaintiff's Complaint, the Defendant incorporates herein by reference the Plaintiff's personnel file for any accommodation requests made by the Plaintiff. Defendant denies that there was any pretextual termination of Plaintiff.

38.     The Defendant denies paragraphs 62, 63, 64, and 65 of the Plaintiff's Complaint.

39.     No response is required to paragraph 66 of the Plaintiff's Complaint in that it states a legal conclusion.

40.     The Defendant denies paragraph 67 of the Plaintiff's Complaint.

41.     With respect to paragraph 68 of the Plaintiff's Complaint, the Defendant restates and reaffirms all prior responses as if set forth fully herein.

42.     The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraph 69 of the Plaintiff's Complaint.

43.     No response is required to paragraph 70 of the Plaintiff's Complaint in that it states a legal conclusion.

44.     The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraph 71 of the Plaintiff's Complaint

45.     The Defendant denies paragraphs 72, 73, and 74 of the Plaintiff's Complaint.

46.     With respect to paragraph 75 of the Plaintiff's Complaint, the Defendant restates and reaffirms all prior responses as if set forth fully herein.

47.     No response is required to paragraph 76 of the Plaintiff's Complaint in that it states a legal conclusion.

5

48.     The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraphs 77, 78, 79 and 80 of the Plaintiff's Complaint.

49.     The Defendant denies paragraph 81 of the Plaintiff's Complaint.

50.     With respect to paragraph 82 of the Plaintiff's Complaint, the Defendant restates and reaffirms all prior responses as if set forth fully herein.

51.     No response is required to paragraph 83 of the Plaintiff's Complaint in that it states a legal conclusion.

52.     The Defendant has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained within paragraphs 84 and 85 of the Plaintiff's Complaint.

53.     The Defendant denies paragraphs 86, 87, and 88 of the Plaintiff's Complaint.

54.     With respect to paragraph 89 of the Plaintiff's Complaint, the Defendant restates and reaffirms all prior responses as if set forth fully herein.

55.     The Defendant denies paragraphs 90 and 91 of the Plaintiff's Complaint.

56.     In response to paragraph 92 of the Plaintiff's Complaint, the Defendant states that it receives federal funding based on services provided.

57.     No response is required to paragraph 93 of the Plaintiff's Complaint in that it states a legal conclusion.

58.     The Defendant denies paragraphs 94 and 95 of the Plaintiff's Complaint.

59.     With respect to paragraph 96 of the Plaintiff's Complaint, the Defendant restates and reaffirms all prior responses as if set forth fully herein.

60.     No response is required to paragraph 97 of the Plaintiff's Complaint in that it states a legal conclusion.

61.     The Plaintiff denies paragraph 98 of the Plaintiff's Complaint.

62.     No response is required to paragraph 99 of the Plaintiff's Complaint in that it states a legal conclusion.

63.     The Defendant denies paragraphs 100, 101, 102, 103, and 104 of the Plaintiff's Complaint.

64.     With respect to paragraph 105 of the Plaintiff's Complaint, the Defendant restates and reaffirms all prior responses as if set forth fully herein.

65.     No response is required to paragraph 106 of the Plaintiff's Complaint in that it states a legal conclusion.

66.     In response to paragraphs 107 and 108 of the Plaintiff's Complaint, the Defendant admits that Plaintiff filed a Complaint with the EEOC and that it was aware that said Complaint was filed.

67.     The Defendant denies paragraphs 109, 110, and 111 of the Plaintiff's Complaint.

68.     With respect to paragraph 112 of the Plaintiff's Complaint, the Defendant restates and reaffirms all prior responses as if set forth fully herein.

69.     The Defendant denies paragraphs 113, 114, 115, 116, 117, and 118 of the Plaintiff's Complaint.

70.     The answering Defendant states that in the event that the Plaintiff's was himself at fault in causing and bringing about the injuries and damages alleged in the Complaint, if any, then answering Defendant pleads and relies upon that fact as a bar to so much of the injuries and damages alleged in the Complaint, if any, as are found to be the fault of Plaintiff.

71.    The answering Defendant states that in the event the injuries and damages alleged by Plaintiff, if any, were caused and brought about by the actions of others not under the control of answering Defendant, then answering Defendant pleads and relies upon those actions as a bar to the claims of the Plaintiff against the answering Defendant.

72.    The answering Defendant states that in the event the injuries and damages alleged by Plaintiff, if any, were caused or brought about by a superceding and intervening cause not under the control of answering Defendant, then answering Defendant pleads and relies upon that superceding and intervening cause as a bar to the claims of the Plaintiff against answering Defendant.

73.    The Complaint fails to state a claim upon which relief may be granted.

74.    The Complaint is barred in whole, or in part, to the extent it was not filed within the applicable statute of limitations and/or administrative filing periods.

75.    The claims are barred in whole, or in part, by the principles of waiver and/or estoppel.

76.    The Complaint is barred, in whole or in part, because Plaintiff's own conduct caused his alleged injuries.

77.    The Complaint is barred, in whole or in part, because the Defendant at all times acted reasonably and in good faith toward Plaintiff.

78.    The Complaint is barred, in whole or in part, by the Plaintiff's failure to mitigate his alleged damages.  In the alternative, to the extent that the Plaintiff has mitigated any alleged damages, Defendant is entitled to a set off for any interim earnings, benefits, or other income.

79.    The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

80.   Plaintiff's Complaint is barred by the doctrine of election of remedies and res judicata.

81.   The claims are barred to the extent Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

82.   Any paragraph or allegation not heretofore specifically admitted is specifically denied.

83.   The Defendant reserves the right to include any further affirmative defenses that may become known during the course of discovery.

WHEREFORE, Defendant, Gulf Coast Enterprises, hereby requests the following relief:

1.   Dismissal of the Plaintiff's Complaint in its entirety, with prejudice;

2.   Trial by jury on all issues so triable;

3.   Any and all other relief to which the Defendant may appear reasonably entitled; and

4.   Any and all costs herein expended, including attorney's fees.

Respectfully submitted,

Craig L. Johnson
M. Tyler Reynolds
WHONSETLER & JOHNSON, PLLC
11901 Brinley Avenue
Louisville, KY 40243
Telephone: (502) 895-2297
Fax: (502) 895-8764
Email: johnson@whonsetler.com
*Counsel for Defendant, Gulf Coast Enterprises*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2015, the original and three copies (for file-stamping) of the foregoing was filed with the Hardin Circuit Court, by United States Mail, addressed as follows:

Clerk, Hardin Circuit Court
Justice Center
120 East Dixie Avenue
Elizabethtown, KY 42701-1469

I also certify that on this 14th day of April, 2015, a copy of the foregoing was served, by United States Mail, sufficient postage prepaid, upon the following individuals:

Samuel G. Hayward, Esq.
Samuel G. "Chip" Hayward, Jr.
ADAMS HAYWARD & WELSH
4036 Preston Highway
Louisville, KY 40213
*Counsel for Plaintiff*

John O. Sheller, Esq.
Stoll Keenon Ogden, PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
*Counsel for SourceAmerica, Inc.*

Jeffrey J. Chapuran, Esq.
Stoll Keenon Ogden, PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
*Counsel for SourceAmerica, Inc.*

Sean Ragland, Esq.
Phillips Parker Orberson & Arnett, PLC
716 West Main Street, Suite 300
Louisville, KY 40202
*Counsel for The Ginn Group, Inc.*

Craig L. Johnson
M. Tyler Reynolds

## COMMONWEALTH OF KENTUCKY
## HARDIN CIRCUIT COURT
## DIVISION II
## CIVIL ACTION NO. 15-CI-00374

ROBERT RAY REED                                                                    PLAINTIFF

v.

GULF COAST ENTERPRISES
THE GINN GROUP, INC.
SOURCEAMERICA, INC.
AND
GARY MATTHEWS                                                                  DEFENDANTS

---

### ANSWER

---

Comes the Defendant, The Ginn Group, Inc., by counsel, and for its Answer to the

Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

1.      This Defendant is without sufficient knowledge at this time to either affirm

or deny the allegations contained in Paragraphs 1, 2, 3, 4, 5, 9, 13, 17, 18, 19, 22, 23, 24, 25,

26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53,

54, 55, 58, 59, 61, 62, 63, 65, 77, 78, 79, 80, 93, 107, 116 and 117 of the Plaintiff's Complaint

and, therefore, denies same.

2.      With respect to Paragraph 6 of the Plaintiff's Complaint, this Defendant

admits that it is a defendant in this action. This Defendant is without sufficient knowledge

at this time to either confirm or deny the remaining allegations contained in Paragraph 6

and, therefore, denies same.

3.      This Defendant admits the allegations contained in Paragraphs 7 and 20 of the Plaintiff's Complaint.

4.      With respect to Paragraph 8 of the Plaintiff's Complaint, this Defendant admits that SourceAmerica, Inc. is a defendant in this action. This Defendant is without sufficient knowledge at this time to either confirm or deny the remaining allegations contained in Paragraph 8 and, therefore, denies same.

5.      No allegation is made in Paragraph 10. As such, no response is required.

6.      This Defendant denies the allegations contained in Paragraphs 12, 51, 56, 57, 64, 67, 69, 71, 72, 73, 74, 81, 84, 85, 86, 87, 88, 90, 91, 92, 94, 95, 98, 101, 102, 103, 104, 108, 109, 110, 111, 113, 114, 115 and 118 of the Complaint.

7.      Paragraphs 11, 14, 15, 66, 70, 76, 83, 93, 97, 99 and 106 of the Complaint call for legal conclusion to which no response is required.

8.      With respect to Paragraphs 16, 60, 68, 75, 82, 89, 96, 105 and 112 of the Complaint, this Defendant incorporates by reference its responses to the Paragraphs enumerated therein.

9.      With respect to Paragraph 21 of the Plaintiff's Complaint, this Defendant admits that it employed supervisors who worked at the same location as Plaintiff. This Defendant denies the remaining allegations contained in Paragraph 21.

10.      With respect to Paragraph 100 of the Plaintiff's Complaint, this Defendant denies that Plaintiff complained of unlawful practices to it. This Defendant is without sufficient knowledge at this time to either confirm or deny the remaining allegations contained in Paragraph 100 and, therefore, denies same.

11.     Any allegation contained in Plaintiff's Complaint which is not specifically admitted herein is denied.

## SECOND DEFENSE

12.     The Plaintiff's injuries or damages, if any, were caused in whole or in part, by his own negligent or wrongful acts and/or omissions but for which they would not have occurred and for which this Defendant is not responsible or liable.

## THIRD DEFENSE

13.     This Defendant hereby incorporates by reference all applicable defenses contained within Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

## FOURTH DEFENSE

14.     This Defendant hereby incorporates by reference all applicable defenses contained within the Kentucky Civil Rights Act, K.R.S. § 344.010 et seq.

## FIFTH DEFENSE

15.     To the extent of which they have not been overturned, these Defendants adopt, incorporate and plead each and every provision of KRS § 411.184 and 411.186 as a complete bar to all claims for punitive damages.

## SIXTH DEFENSE

16.     These Defendants state that the Plaintiff's claims for punitive damages are barred in whole or in part to the extent that an award of punitive damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and/or Section 2 of the Kentucky Constitution and/or any other applicable provisions of the United States and/or Kentucky Constitutions.

### SEVENTH DEFENSE

17.     The Complaint fails to state a claim upon which relief can be granted against this Defendant.

### EIGHTH DEFENSE

18.     The Complaint is barred by the applicable statute of limitations.

### NINTH DEFENSE

19.     The Plaintiff's injuries and damages, if any, were caused in whole or in part, by the negligent or wrongful acts and/or omissions of other individuals or entities, but for which said injuries and damages, if any, would not have occurred and for which this Defendant is not responsible or liable.

### TENTH DEFENSE

20.     The Plaintiff's injuries and damages, if any, were caused and brought about by superseding and intervening events, not within the control of this Defendant, and this Defendant pleads and relies upon the same as a complete and/or partial bar to all claims against it.

### ELEVENTH DEFENSE

21.     This Defendant states that the Plaintiff was and is required to mitigate his damages, and to the extent that he has failed to do so, he may not recover said damages which may have been avoided or otherwise lessened.

## TWELFTH DEFENSE

22.     This Defendant reserves the right to amend its Answer pursuant to F.R.C.P. 15, to raise additional affirmative defenses, as necessary, through discovery and an investigation into the facts and circumstances of this case.

WHEREFORE, the Defendant, The Ginn Group, Inc., by counsel, respectfully demand as follows:

1.      Dismissal of the Complaint against them, with prejudice;

2.      Trial by jury of all issues so triable;

3.      An award of their attorneys fees and costs incurred herein; and

4.      Any and all other relief to which they may appear entitled.


Respectfully Submitted,

PHILLIPS PARKER ORBERSON & ARNETT, PLC


Sean Ragland
Nicholas R. Hart
716 West Main Street, Suite 300
Louisville, KY 40202
(502)583-9900 - Phone
(502)587-1927 - Facsimile
*Counsel for Defendant The Ginn Group, Inc.*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served this 17th day of April, 2015, via U.S. Mail, postage prepaid, to:

Samuel G. Hayward
Samuel "Chip" G. Hayward
ADAMS HAYWARD & WELSH
4036 Preston Highway
Louisville, KY 40213
*Counsel for Plaintiff*

John O. Sheller
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202-2828
*Counsel for Defendant SourceAmerica, Inc.*

Jeffrey J. Chapuran
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507-1801
*Counsel for Defendant SourceAmerica, Inc.*

Craig L. Johnson
WHONSETLER & JOHNSON, PLLC
11901 Brinley Avenue
Louisville, KY 40243
*Counsel for Defendant Gulf Coast Enterprises*


_____
Sean Ragland
Nicholas R. Hart