# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00295-JHM

ROBERT RAY REED                                                                                                            PLAINTIFF

V.

GULF COAST ENTERPRISES,
THE GINN GROUP, INC.,
SOURCEAMERICA, INC., and
GARY MATTHEWS                                                                        DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court on motions by Plaintiff, Robert Ray Reed, to vacate the Court's January 6, 2016 Memorandum Opinion and Order granting judgment on the pleadings to Defendant SourceAmerica on Counts I–VI and Count VIII and summary judgment on Count VII [DN 21], and for leave to file an amended complaint [DN 24]. Also before the Court is Defendant SourceAmerica's Motion to Certify the January 6, 2016 Memorandum Opinion and Order as Final and Appealable pursuant to Federal Rule of Civil Procedure 54(b) [DN 23]. Fully briefed, these matters are ripe for decision.[1]

### I. BACKGROUND

Reference is made to the Court's prior opinions for a complete recitation of the facts of this case. Briefly, however, this case arises out of Plaintiff Reed's employment with and alleged subsequent termination from Defendant Gulf Coast Enterprises ("GCE"), at a facility in Fort Knox, Kentucky (the "Fort Knox Facility"). According to the Complaint, Reed is disabled and was employed by GCE through the AbilityOne Program. The AbilityOne Program was established by the Javits-Wagner-O'Day ("JWOD") Act, 41 U.S.C. §§ 8501–8506, to provide

---

[1] The Court notes that no response was filed to SourceAmerica's Motion to Certify Order as Final and Appealable [DN 23] and that no reply was filed in support of Plaintiff's Motion for Leave to File Amended Complaint [DN 24]. The time for filing those briefs having passed, these matters are ripe for decision.

employment opportunities for people who are blind or have other severe disabilities through government procurement of products and services from nonprofit agencies that employ disabled people. Pursuant to the JWOD Act and the accompanying regulations, SourceAmerica is a central nonprofit agency that assists the U.S. AbilityOne Commission in administering the AbilityOne Program. See 41 U.S.C. § 8503; 41 C.F.R. pt. 51–3.

Reed filed his Complaint in March 2015, asserting numerous claims against Defendants SourceAmerica, GCE, and The Ginn Group, Inc. ("Ginn Group").[2] Reed asserted claims for disability discrimination in violation of the Kentucky Civil Rights Act ("KCRA") under KRS 344.040; negligent hiring/firing/supervision; promissory estoppel; failure to protect; civil conspiracy; retaliation in violation of KRS 344.280 (two counts); and negligent infliction of emotional distress [DN 1-2]. In April 2015, SourceAmerica, GCE, and Ginn Group removed the action from state court to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 [DN 1]. In June 2015, SourceAmerica filed a motion for judgment on the pleadings or for summary judgment with respect to all claims asserted against it in the Complaint [DN 9]. Noting that Matthews was not diverse from Reed, in September 2015, the Court *sua sponte* ordered supplemental briefing to address its subject matter jurisdiction and whether Matthews had been fraudulently joined [DN 17]. Pursuant to that Order, SourceAmerica, GCE, and Ginn Group filed a supplemental brief in support of removal [DN 18]. Reed did not file a response, nor did he ever file a motion to remand.

In January 2016, the Court found that "Reed failed to plead viable state law causes of action against Matthews" and thus that Matthews was fraudulently joined, and therefore

---

[2] As SourceAmerica correctly notes, a fourth Defendant, Gary Matthews ("Matthews"), was also named in the lawsuit, but Reed never served Matthews with a copy of the summons and Complaint and the Court held that Matthews was fraudulently joined to action for the purpose of defeating diversity jurisdiction. (See Mem. Op. & Order, Jan. 6, 2016 [DN 20] 7.)

disregarded him in determining diversity of citizenship. (Mem. Op. & Order [DN 20] 7.) Noting that Reed and the remaining Defendants are completely diverse and that the amount in controversy is met, the Court determined that it had subject matter jurisdiction over this matter under 28 U.S.C. § 1332. In the same opinion, the Court granted judgment on the pleadings in favor of SourceAmerica on seven counts of Reed's Complaint and summary judgment in favor of SourceAmerica on the remaining eighth count. (See id. at 14–35; see also Def. SourceAmerica's Mem. Supp. Mot. Certify [DN 23-1] 2–3 (summarizing the bases for the Court's Order).)

Reed filed the instant motion to alter, amend, or vacate on February 3, 2016, nine and a half months after the removal of his Complaint from state court, eight months after SourceAmerica moved for judgment on the pleadings and for summary judgment, five months after this Court ordered supplemental briefing on the issue of diversity jurisdiction and the fraudulent joinder of Defendant Matthews, three and a half months after Reed's response supplemental brief was due (none was filed), and almost a month after the Court's memorandum opinion and order granting SourceAmerica's motion [DN 21]. SourceAmerica filed the instant motion to certify the Court's January 6, 2016 opinion as final and appealable on February 5, 2016 [DN 23], and Reed filed his motion for leave to file an amended complaint on February 8, 2016 [DN 24].

## II. MOTION TO ALTER, AMEND, OR VACATE [DN 21]

Reed asks the Court to reconsider its January 6, 2016 decision. Specifically, Reed asks the Court either to vacate its January 6, 2016 decision, arguing that the decision is based on manifest error of law, or to amend that decision to reflect a dismissal without prejudice of SourceAmerica from this case, arguing that newly discovered, previously unavailable evidence has been uncovered that will allow Reed to cure any deficiencies by way of an amended

3

complaint. Reed baldly contends that these alleged additional allegations will preclude a finding of both fraudulent joinder and judgment in favor of SourceAmerica.

### A. Standard of Review

The Sixth Circuit recognizes that a district court has authority both under common law and under Rule 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004).[3] "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)); see also United States v. Lexington-Fayette Urban Cnty. Gov't, No. 06-386-KSF, 2008 WL 4490200, at *1, 2008 U.S. Dist. LEXIS 77478, at *3 (E.D. Ky. Oct. 2, 2008); Edmonds v. Rees, No. 3:06-CV-P301-H, 2008 WL 3820432, at *2, 2008 U.S. Dist. LEXIS 61839, at *7 (W.D. Ky. Aug. 13, 2008). A motion to reconsider under Rule 54(b) may not, however, "serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought." Owensboro Grain Co., LLC v. AUI Contracting, LLC, No. CIV.A. 4:08CV-94-JHM, 2009 WL 650456, at *2, 2009 U.S. Dist. LEXIS 18025, at *6 (W.D. Ky. Mar. 10, 2009) (quoting Jones v. Casey's Gen. Stores, 551 F. Supp. 2d 848, 854–55 (S.D. Iowa 2008)). "Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been

---

[3] Although Reed moves for reconsideration under Rule 59(e), "Rule 59(e) does not provide an appropriate means to challenge a non-final order." Saunders v. Ford Motor Co., No. 3:14-CV-00594-JHM, 2015 U.S. Dist. LEXIS 101659, *2 (W.D. Ky. Aug. 3, 2015) (citing Simmerman v. Ace Bayou Corp., 304 F.R.D. 516, 518 (E.D. Ky. 2015)). As there has been no final order or judgment in this case, see Davey v. St. John Health, 297 F. App'x 466, 469 (6th Cir. 2008) (when a plaintiff's case has remaining claims, an order of dismissal as to less than all defendants is not a final order), the relief Reed seeks is only available under Rule 54(b), see Edmonds v. Rees No. 3:06-CV-P301-H, 2008 WL 3820432, at *2, 2008 U.S. Dist. LEXIS 61839, at *5–6 (W.D. Ky. Aug. 13, 2008) ("both Rule 59 and Rule 60 are only applicable to final orders or judgments"); Fed. R. Civ. P. 54(b).

raised earlier." Ne. Ohio Coal. for Homeless v. Brunner, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

## B. Discussion

Applying the above standard to this motion, the Court denies Reed's motion to reconsider. Reed miscomprehends the basis for the Court's prior Order. Reed's arguments for reconsideration center on his belief that the Court required him to plead a prima facie case against Matthews, the unserved non-diverse defendant, and required him to allege facts sufficient to plead a prima facie case in order to survive Defendant SourceAmerica's motion for judgment on the pleadings as to Counts I–VI and VIII, contrary to Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002) ("The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement.").[4] While the Court acknowledges that it may have incorrectly used the language "prima facie case" in its discussion wherein it determined that Matthews was fraudulently joined and that Reed failed to state a claim upon which relief may be granted against SourceAmerica in Counts I–VI, VIII, the Court nonetheless finds that this does not change its conclusion that Matthews was fraudulently joined and that Reed failed to state a claim upon which relief may be granted against SourceAmerica as to seven counts of the Complaint.[5]

---

[4] The Court notes that, despite Reed's protestations that even if he had filed a response to SourceAmerica's supplemental brief regarding fraudulent joinder it would not have made a difference to the Court's January 2016 decision because he would not have known the Court would apply the wrong standard in that opinion and order, the Court used the same complained-of language in the September 2015 Order. (See Order, Sept. 8, 2015 [DN 17] 4 ("To state a prima facie case of retaliation under KRS 344.280, a plaintiff must allege that . . . .").) Accordingly, Reed was on notice and had an opportunity to bring his argument to the Court's attention and did not do so.

[5] The Court dismissed seven counts, Counts I–VI and VIII, against SourceAmerica. The Court granted summary judgment in favor of SourceAmerica on the eighth count, Count VII. (See Mem. Op. & Order [DN 20] 31–34.) Reed does not challenge or seek to vacate the ruling regarding Count VII.

In his motion to vacate, Reed contends that the Court committed a manifest error of law by applying an inapplicable standard to a claim of fraudulent joinder. Specifically, Reed contends that the Court made a manifest error of law because, according to Reed, the Court's finding that Matthews was fraudulently joined was "based on [Reed]'s alleged failure to plead facts supporting a prima facie case of retaliation under KRS § 344.280." (Pl.'s Mot. Vacate [DN 21] 5–6.) Although correct that making a prima facie case under McDonnell Douglas "is an evidentiary standard, not a pleading requirement," a careful reading of the opinion demonstrates that the Court found that Matthews was fraudulently joined because Reed's allegations failed to support a colorable cause of action for retaliation under KRS 344.280 against Matthews. The question in a fraudulent joinder analysis is whether there is an arguably reasonable basis for predicting that state law might impose liability on the facts alleged. Probus v. Charter Commc'ns, LLC, 234 F. App'x 404, 407 (6th Cir. 2007) (quoting Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994)). In its opinion, the Court found that, because the Complaint did not contain allegations that Matthews took any adverse employment action against Reed, Reed did not plead factual content sufficient to support an inference that Matthews was liable for the misconduct alleged and, accordingly, that there was no reasonable basis for predicting that, on the facts alleged, Matthews could be held liable for retaliation. (Mem. Op. & Order [DN 20] 7); see Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999); Alexander, 13 F.3d at 949 (noting that a party is fraudulently joined if there is no "reasonable basis for predicting that the state law might impose liability on the facts involved"). The Court's use of "prima facie case" language was not material to its analysis or ultimate conclusion.

Reed similarly contends that the Court committed a manifest error of law by applying an inapplicable standard to SourceAmerica's motion. Reed alleges the Court's reasoning in

support of the dismissal of Reed's claims was based on one or more elements of a prima facie case and therefore the Court committed a manifest error of law by applying a prima facie standard to Reed's claims when evaluating SourceAmerica's motion. Fundamentally, Reed misunderstands why the Court granted SourceAmerica's motion.

The federal pleadings standard requires that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" Kreipke v. Wayne State Univ., 807 F.3d 768, 774 (6th Cir. 2015) (quoting D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014)). A careful reading of the opinion demonstrates that the Court used the Twombly-Iqbal standard and did not hold Reed to some other, inapplicable standard.

For example, with respect to Count I, which purports to state a claim for disability discrimination under the KCRA, the Court found that Reed failed to state a claim "[b]ecause of his failure to allege [1] that SourceAmerica employed Reed or [2] that SourceAmerica discriminated against him because of his disability." (Mem. Op. & Order [DN 20] 17.) Noting that a "prerequisite to liability for discrimination under the KCRA" is the existence of an employment relationship and that Reed failed to allege facts to support the existence of an employment relationship with SourceAmerica, the Court found that Reed failed to state a claim for disability discrimination against SourceAmerica. (Id. at 15–16.) Further, as Reed failed to allege facts sufficient to support a finding that SourceAmerica discriminated against him because

7

of his disability, the Court found that Reed failed to plead "factual content that allows the court to draw the reasonable inference that [SourceAmerica] is liable for the misconduct alleged." (Id. at 15–17 (quoting Iqbal, 556 U.S. at 678).)

The only use in the opinion of the "prima facie case" language that apparently serves as the basis for Reed's argument that the Court applied the wrong standard in deciding SourceAmerica's motion is in the Court's discussion of Count VI: Retaliation, KRS 344.280. (See Mem. Op. & Order [DN 20] 28–30.) A plain reading of that discussion makes clear that the Court applied the Twombly-Iqbal standard, notwithstanding its use of the phrase "prima facie case." (See id. at 29 ("Without any factual allegations that SourceAmerica had knowledge of Reed's engaging in protected activity—an essential element of retaliation under the KCRA—the Court cannot reasonably infer that SourceAmerica engaged in unlawful retaliation against Reed."); id. at 30 ("Further, with respect to the third element, Reed fails to plead 'factual content that allows the court to draw the reasonable inference that [SourceAmerica] is liable for the misconduct alleged,' Iqbal, 556 U.S. at 678. . . . The Court . . . finds that the Complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' Twombly, 550 U.S. at 570, against SourceAmerica. Because Reed has not alleged that SourceAmerica took an adverse employment action, he has not satisfied his prima face case.").) Again, the use of the "prime facie case" language was not material to the Court's decision. Thus, the Court did not apply an "incorrect legal standard" and the Motion to Vacate is **DENIED**.

The Court also declines to amend its prior decision to reflect a dismissal of SourceAmerica without prejudice. Reed requests the Court amend its prior decision to reflect a dismissal without prejudice of SourceAmerica from this case "because newly discovered,

8

previously unavailable evidence has been uncovered, allowing Plaintiff to cure any perceived deficiencies in an Amended Complaint [DN 22] [sic][6]. The additional factual allegations preclude a finding of both fraudulent joinder, as well as, a judgment in favor of SourceAmerica on Plaintiff's claims." (Pl.'s Mot. Vacate [DN 21] 7, 8.) Reed does not elaborate on, in either his motion to vacate or his motion for leave to amend, what the "newly discovered, previously unavailable evidence" is, why that evidence was previously unavailable, or how it will purportedly preclude a finding of either fraudulent joinder or judgment in favor of SourceAmerica. Reed cites no authority and makes no argument in support of his request. As Reed bears the burden of showing that reconsideration is warranted, Pueschel, 606 F. Supp. 2d at 85, and has failed to meet that burden, the Court **DENIES** the request.

### III. MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [DN 24]

Reed filed this motion for leave to amend his Complaint because "[a]fter reviewing the Court's Memorandum Opinion and Order [DN 20]" "it became apparent that both Defendants, as well as the Court were, *inter alia*: (1) unclear about which causes of action were asserted against specific Defendants; and (2) questioned the sufficiency of Plaintiff's factual allegations."[7] (Pl.'s Mot. Leave Am. Compl. [DN 24] 1.) In order to remedy the first issue, Reed asserts that, with his proposed amended complaint, he has specifically alleged which causes of action are being brought against which defendants and also asserts new causes of action. In order to remedy the

---

[6] DN 22 is Defendant SourceAmerica's Bill of Costs. The Court presumes that Reed was attempting to cite to his, at that time, yet-to-be-filed motion for leave to file amended complaint, which Reed filed five days after filing the motion to vacate, see [DN 24].

[7] The Court takes issue with Reed's characterization that it was only after the Court's January 16, 2016 Memorandum Opinion and Order that Reed was aware there were questions regarding the sufficiency of Reed's factual allegations. Reed was on notice that SourceAmerica questioned the sufficiency of his factual allegations as early as April 2015, when the Removing Defendants removed the action to this Court, highlighting deficiencies in allegations regarding Defendant Matthews in their Notice of Removal [DN 1], and no later than June 2015, when SourceAmerica filed its motion for judgment on the pleadings or summary judgment [DN 9]. Reed was on notice that the Court questioned the sufficiency of his factual allegations regarding Matthews in September 2015, when the Court requested supplemental briefing on the issue of the fraudulent joinder of Matthews [DN 17].

second issue, Reed states that he has "clarified his previous factual allegations" and also "pleads newly discovered evidence that supports the causes of action" in his proposed amended complaint. Reed contends that his motion should be granted because justice so requires, noting that his Complaint was originally filed in state court, drafted in accordance with Kentucky's notice pleading requirement. SourceAmerica contends that Reed's motion to amend should be denied because it is procedurally inappropriate and futile. The Court agrees that the proposed amended complaint is futile and denies Reed's motion to amend on that ground.

### A. Standard of Review

Reed's motion for leave to file an amended complaint is governed by Federal Rule of Civil Procedure 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court should freely grant leave "when justice so requires." Id. However, a district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

A district court may deny leave to amend the complaint when the proposed amendment would be futile. Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 520 (6th Cir. 2010) (quoting Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000)).

### B. Discussion

A review of Reed's proposed amended complaint reveals that only Counts II and III are asserted against SourceAmerica. Count II purports to state a claim for disability discrimination

under the KCRA, KRS 344.050, against SourceAmerica. The Court previously dismissed this claim against SourceAmerica (Count I of the original Complaint, brought under KRS 344.040, which prohibits discrimination by an employer), finding that Reed failed to state a claim "[b]ecause of his failure to allege [1] that SourceAmerica employed Reed or [2] that SourceAmerica discriminated against him because of his disability." (Mem. Op. & Order [DN 20] 17.) Now, Reed seeks to revive the dismissed claim for disability discrimination against SourceAmerica by asserting simultaneously that SourceAmerica is an "employment agency" under the KCRA and that—apparently because of SourceAmerica's role, under the JWOD Act and the accompanying regulations, in assisting with the administration of the AbilityOne Program—SourceAmerica maintains an "employment relationship" with Reed. The thrust of the claim appears to be that SourceAmerica knowingly and intentionally allowed GCE and Ginn Group to discriminate against Reed. (See Proposed Am. Compl. [DN 24-2] ¶¶ 191–194, 198.) The Court agrees with SourceAmerica that neither theory of this count states a valid claim for relief.

First, Reed has failed to state a claim under KRS 344.050, which prohibits employment agencies from failing or refusing to refer employees for employment because of their disability.[8] Reed has failed to allege facts sufficient to support a finding that SourceAmerica is an "employment agency" under KRS 344.030(3) ("'Employment agency' means a person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such person."). Reed asserts that SourceAmerica is an "employment agency" for purposes KRS 344.030(3) "based on its role in the oversight and implementation of, as well as, compliance with the

---

[8] "It is an unlawful practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, an individual . . . because the person is a qualified individual with a disability, or to classify or refer for employment an individual on the basis of disability . . . ." KRS 344.050(1).

AbilityOne Program." (Proposed Am. Compl. [DN 24-2] ¶ 167.) However, as Reed's own allegations support, SourceAmerica's role is to find *employers* to perform federal government contracts, not to refer *employees* to prospective employers. (See Proposed Am. Compl. [DN 24-2] ¶¶ 169–174); see also 41 C.F.R. pt. 51–3. Further, even if SourceAmerica were within the definition of "employment agency" under the KCRA, the proposed amended complaint is devoid of factual allegations to support that SourceAmerica violated KRS 344.050. Nowhere does KRS 344.050 purport to hold an alleged employment agency legally responsible for ensuring that employers comply with the law, see KRS 344.050, which is what Reed's proposed amended Count II appears to attempt to do.[9]

Reed's second theory also fails.[10] As noted, one of the reasons the Court previously dismissed the disability discrimination claim against SourceAmerica was due to an absence of factual allegations to support an employment relationship between Reed and SourceAmerica. (See Mem. Op. & Order [DN 20] 15–17.) Now, Reed merely asserts in conclusory fashion that "due to the interplay of concerted activities by Defendants, [GCE], Ginn Group, and SourceAmerica, at the [Fort Knox facility], Plaintiff maintained an employment relationship with Defendant SourceAmerica," (Proposed Am. Compl. [DN 24-2] ¶ 185; see id. ¶ 202 (same), ¶ 2 ("due to their concerted activities, Plaintiff maintained an employment relationship with Defendants [GCE], The Ginn Group, Inc., and SourceAmerica, Inc.")). However, Reed's

---

[9] Reed alleges that "SourceAmerica is responsible under both federal law and regulations to ensure Defendants, Gulf Coast and Ginn Group's compliance with federal and state employment and labor laws and regulations as such." (Proposed Am. Compl. [DN 24-2] ¶ 181.) Reed then alleges that SourceAmerica allowed the other Defendants to discriminate against him. (See id. ¶¶ 191–194, 198.) However, as SourceAmerica correctly notes, "the long-standing federal regulations concerning SourceAmerica's responsibilities in administering the AbilityOne Program do not transform SourceAmerica into an employment agency under the KCRA, nor do they create an employment relationship between SourceAmerica and the Plaintiff." (SourceAmerica's Resp. to Pl.'s Mot. Am. Compl. [DN 26] 9–10.)

[10] Although Reed only mentions KRS 344.050 in Count II, it appears from his conclusory allegation that there is an "employment relationship" between SourceAmerica and Reed that he may also be attempting to assert a claim under KRS 344.040, which prohibits discrimination by an employer.

proposed amended Count II still fails, as Reed has not pleaded facts to support these conclusory allegations of an employment relationship. Walker v. AAustin Express-Ky., LLC, No. 3:12CV-338-S, 2012 WL 5462849, at *2, 2012 U.S. Dist. LEXIS 160257, at *4–5 (W.D. Ky. Nov. 8, 2012) (dismissing federal and KCRA claims because plaintiffs' pleaded no facts in their complaint to support conclusory allegation that a defendant was an "alter ego" or "companion company" of plaintiffs' employer or that the defendant was the plaintiffs' "constructive employer"); see Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998) (conclusory allegations not required to be taken as true in employment discrimination suit when plaintiff labeled certain relationships as employment relationships, but factual allegations made it obvious that this was legal conclusion that inaccurately characterized relationships); In re Sofamor Danek Grp., Inc., 123 F.3d 394, 400 (6th Cir. 1997) (court requires more than mere assertions of legal conclusions and need not accept truth of legal conclusions or baseless factual inferences). Although there are doctrines that enable an employee in certain circumstances to assert employer liability against an entity that is not formally his employer due to either the integration of two or more entities or the control of one entity over the employees of another, Reed has not alleged facts sufficient to support either theory. See generally West v. J.O. Stevenson, Inc., --- F. Supp. 3d ----, 2016 WL 740431, at *8–10, 2016 U.S. Dist. LEXIS 22526, at *23–30 (E.D.N.C. 2016) (discussing the facts a complaint must plausibly allege to support each theory to survive a Rule 12(b)(6) motion to dismiss).

The joint-employer doctrine "involves a business that maintains sufficient control over some or all of the formal employees of another business as to qualify as those employees' employer." Sanford v. Main St. Baptist Church Manor, Inc. (Sanford II), 449 F. App'x 488, 491 (6th Cir. 2011). "One entity is the joint employer of another entity's formal employees,

and thus liable under federal and state anti-discrimination laws, if the two 'share or co-determine those matters governing essential terms and conditions of employment.'" Id. at 492 (quoting Carrier Corp. v. NLRB, 768 F.2d 778, 781 (6th Cir. 1985)). "The major factors in this determination are the ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance." Id. All factual allegations in the proposed amended complaint regarding these factors relate only to GCE or Ginn Group. (See, e.g., Proposed Am. Compl. [DN 24-2] ¶¶ 16, 30, 35–37, 41–52, 74–76, 82–87.) Accordingly, Reed has failed to plausibly allege that he was "jointly employed" by *SourceAmerica*, GCE, and the Ginn Group.

Reed has likewise failed to plausibly allege the "single-integrated employer" theory of liability in order to hold SourceAmerica liable. "Under the single-employer doctrine, 'two nominally independent entities are so interrelated' that all of the employees of one are attributed to the other." Sanford II, 449 F. App'x at 491 (quoting Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993–94 & n.4 (6th Cir. 1997)). To determine whether to treat two entities as a single employer, courts examine the following factors: "(1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control." Swallows, 128 F.3d at 994. Here, the proposed amended complaint is devoid of allegations to support a finding of any of these factors. Cf. Bracken v. DASCO Home Med. Equip., Inc., 954 F. Supp. 2d 686, 699 (S.D. Ohio 2013) (finding plausible that two entities were single integrated employer separated only nominally where complaint alleged that the two entities have same business address and the same statutory agent); West v. J.O. Stevenson, Inc., 2016 WL 740431, at *10, 2016 U.S. Dist. LEXIS 22526, at *30–31 (finding sufficient pleading of plausible facts to state

claim under "integrated employer" doctrine where plaintiff pleaded that one defendant owned, operated, and managed each of the other defendant-businesses, that those defendants all shared a principal place of business, relied on a common marketing scheme and web page, branded under a single umbrella-name, and, as a group, collectively employed a core group of individuals as managers, and one defendant issued paychecks and tax forms for the other defendants). The only allegations potentially relevant are that Todd Bennett, the alleged Director of Total Facilities Management for SourceAmerica, worked at the Fort Knox facility to ensure GCE and Ginn Group's AbilityOne contract compliance, (Proposed Am. Compl. [DN 24-2] ¶¶ 33, 180, 214), and that GCE, Ginn Group, and SourceAmerica "operate out of the same [Fort Knox facility]," (id. ¶¶ 32, 179, 213; but see id. ¶¶ 3–8 (alleging different business addresses and different service agents for each Defendant)). However, these are insufficient to establish that the entities are "so interrelated that they actually constitute a single integrated enterprise," Swallows, 128 F.3d at 993. Accordingly, the Court finds the proposed Count II fails to state a claim of disability discrimination against SourceAmerica and therefore the proposed amended claim is futile.

Count III in the proposed amended complaint purports to state a claim for civil conspiracy against SourceAmerica. The Court originally dismissed this claim because (1) Reed failed to plead facts sufficient to demonstrate the existence of an agency relationship between SourceAmerica and the other Defendants, (see [DN 20] 24), and (2) SourceAmerica cannot be held liable for civil conspiracy where it cannot be held liable for the underlying disability discrimination, (id. at 27–28).[11] Reed fails to state a claim in the proposed amended Count III for the same reasons. First, despite Reed's conclusory allegations to the contrary, (see

---

[11] The Court noted that it was unclear form the Complaint whether Reed was asserting the civil conspiracy claim against SourceAmerica based on vicarious or direct liability and therefore addressed both theories of liability.

Proposed Am. Compl. [DN 24-2] ¶ 203), the regulations that obligate SourceAmerica to monitor and assist subcontractors with respect to contractual and regulatory compliance in carrying out the AbilityOne Program do not make SourceAmerica responsible for subcontractors' compliance with the KCRA, nor do they make GCE and Ginn Group agents of SourceAmerica for purposes of state employment law compliance, see 41 C.F.R. § 51–3.2(h), (j). Accordingly, because Reed fails to plead facts sufficient to demonstrate an agency/control relationship, his proposed amended claim for conspiracy is futile.[12] Second, SourceAmerica cannot be liable for civil conspiracy because it cannot be liable for the underlying tort of disability discrimination. (See Mem. Op. & Order [DN 20] 23–28 & sources cited therein.) As the Court has previously explained, "[i]n Kentucky, 'civil conspiracy is not a free-standing claim; rather, it merely provides a theory under which a plaintiff may recover from multiple defendants for an underlying tort.'" Christian Cnty. Clerk ex rel. Kem v. Mortg. Elec. Registration Sys., Inc., 515 F. App'x 451, 458–59 (6th Cir. 2013) (quoting Stonestreet Farm, LLC v. Buckram Oak Holdings, N.V., Nos. 2008-CA-002389-MR, 2009-CA-00026-MR, 2010 WL 2696278, at *13, 2010 Ky. App. Unpub. LEXIS 555, at *38 (Ky. Ct. App. July 9, 2010)). Reed's civil conspiracy claim is based on SourceAmerica's alleged violations of law discussed above. However, as Reed has no remaining claims against SourceAmerica, his civil conspiracy claim against it cannot survive as a matter of law. See Roof v. Bel Brands USA, Inc., --- F. App'x ----, 2016 WL 463461, at *4, 2016 U.S. App. LEXIS 2299, at *8–9 (6th Cir. 2016).

Accordingly, the Court finds that Reed's proposed amended complaint is futile and therefore **DENIES** Reed's motion for leave to file amended complaint [DN 24].

---

[12] SourceAmerica additionally notes that the civil conspiracy claim would be barred by the one-year statute of limitations and the intracorporate conspiracy doctrine.

## IV. MOTION TO CERTIFY THE JANUARY 6, 2016 DECISION AS FINAL & APPEALABLE [DN 23]

SourceAmerica requests the Court certify its January 6, 2016 Memorandum Opinion and Order, in which all claims against SourceAmerica were dismissed, as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

### A. Standard of Review

Rule 54(b) provides, in pertinent part, that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The Sixth Circuit has held that Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. Gen. Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1026 (6th Cir. 1994). Second, the district court must "expressly determine that there is not just reason" to delay appellate review. Id. Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Lowery v. Fed. Express Corp., 426 F.3d 817, 820 (6th Cir. 2005) (quoting Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60 (6th Cir. 1986)). It "does not tolerate immediate appeal of every action taken by a district court." Gen. Acquisition, 23 F.3d at 1026.

### B. Discussion

To satisfy the first requirement of Rule 54(b) for a multi-party action such as the case at hand, the district court must completely dispose of the claims against at least one party. Id. at 1026–27. It seems clear that this requirement is met here, where the Court has dismissed or granted summary judgment on all claims against SourceAmerica, but Reed's claims against GCE

17

and the Ginn Group remain. Thus, the Court finds that the first requirement for Rule 54(b) certification is met.

However, the Court is unable to hold at this time that there is no just reason to delay appellate review. "The second step in certification, determination of no just reason for delay, requires the district court to balance the needs of the parties against the interests of efficient case management." Id. at 1027. "By limiting interlocutory appeals under Rule 54(b) to 'infrequent harsh case[s],' courts can alleviate hardship resulting from unnecessary delay without undermining 'the historic federal policy against piecemeal appeals.'" Id. The Sixth Circuit has highlighted the following, non-exhaustive list of factors in considering this second step:

1. the relationship between the adjudicated and unadjudicated claims;
2. the possibility that the need for review might or might not be mooted by future developments in the district court;
3. the possibility that the reviewing court might be obliged to consider the same issue a second time;
4. the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
5. miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

Lowery, 426 F.3d at 822 (quoting Gen. Acquisition, 23 F.3d at 1030). Using these factors, the Court must determine "whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable." Id. (quoting GenCorp, Inc. v. Olin Corp., 390 F.3d 433, 442 (6th Cir. 2004)).

The Sixth Circuit seems to place the greatest weight on the first factor—the relationship between adjudicated and adjudicated claims. See Lowery, 426 F.3d at 822–23 (finding that commonality in operative facts between dismissed and pending claims militated against immediate review); see also Baden-Winterwood v. Life Time Fitness, No. 2:06CV99, 2007 WL

2326877, at *5, 2007 U.S. Dist. LEXIS 58753, *10–14 (S.D. Ohio Aug. 10, 2007) (denying Rule 54(b) certification solely because the dismissed claims arose from the same factual allegations as the pending claims of the remaining plaintiffs); Bell v. Hall, No. CIV.A. 1:06-CV-00085, 2007 WL 2827670, at *2–3, 2007 U.S. Dist. LEXIS 74799, at *6 (W.D. Ky. Sept. 28, 2007) (denying Rule 54(b) certification where adjudicated and unadjudicated claims are closely related). In Lowery, the Sixth Circuit found that "the interrelationship of the claims . . . weighs heavily against certification under Rule 54(b)." Lowery, 426 F.3d at 822; Gen. Acquisition, 23 F.3d at 1028. The Lowery court reasoned that "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal." 426 F.3d at 823. Thus, although the district court had found that other factors weighed in favor of certification, the Sixth Circuit concluded that the "commonality in operative facts" underlying all the plaintiff's claims militated against immediate appellate review. Id.

Here, the Court finds that the adjudicated and adjudicated claims are closely related. The dismissed claims arise from the same factual allegations as the pending claims against the remaining Defendants. Reed's claims against all Defendants, both dismissed and remaining, stem from alleged employment discrimination he suffered while employed by GCE. While the reasons for the dismissal of SourceAmerica may not be applicable to the remaining Defendants, the Court is unable to find that judicial economy will be best served by permitting piecemeal appeals. See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."). Additionally, an allowance of time for an appeal would unduly delay the case and, since the claims against SourceAmerica have been

resolved, refusing to make SourceAmerica's dismissal final and appealable would only minimally prejudice SourceAmerica. See Jarrett v. Duro-Med Indus., No. CIV.A.05 102 JBC, 2006 WL 3412308, at *2 (E.D. Ky. Nov. 27, 2006) (finding that allowing Rule 54(b) appeal would unduly delay the case and that dismissed defendant would be only minimally prejudiced by not certifying). But see DeLia v. Verizon Commc'ns, Inc., 682 F. Supp. 2d 58, 59–60 (D. Mass. 2010), aff'd, 656 F.3d 1 (1st Cir. 2011). Thus, even though some of the other factors weigh in favor of certification, such as the unlikelihood of mootness and the absence of counterclaims which could result in a set-off against the judgment sought to be made final, the Court concludes that "judicial economy will best be served by delaying appeal until all the issues can be confronted by the [appellate court] in a unified package." Solomon, 782 F.2d at 62. This is not the extraordinary case that warrants piecemeal appellate litigation and, based on the above factors, the Court cannot hold that there is no just reason to delay appellate review. Accordingly, the Court **DENIES** SourceAmerica's motion for certification pursuant to Rule 54(b) [DN 23].

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that

1. Plaintiff's Motion to Alter, Amend, or Vacate [DN 21] is **DENIED**;

2. Plaintiff's Motion for Leave to File Amended Complaint [DN 24] is **DENIED**; and

3. Defendant SourceAmerica's Motion to Certify Order as Final and Appealable Pursuant to Fed. R. Civ. P. 54(b) [DN 23] is **DENIED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 21, 2016

cc: Counsel of Record