# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | | |
|---|---|---|
| ROBERT RAY REED | ) | *ELECTRONICALLY FILED* |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:15-cv-295-JHM |
| | ) | |
| GULF COAST ENTERPRISES, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT SOURCEAMERICA'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Comes now the Plaintiff, Robert Ray Reed, by and through her counsel, and for her Responses to Defendant, SourceAmerica's ("SA") Interrogatories and Requests for Production of Documents, states and represents as follows:

## GENERAL OBJECTIONS

1. The responses provided herein have been prepared after a due and diligent search conducted in connection with Plaintiff's discovery requests. In responding to SA's discovery requests, Plaintiff has conducted a search for data and documents in those areas where information of the type requested would be expected to be found, if it still exists, and has made reasonable inquiry of those who would expected to be aware of the information sought. The documents provided are typical of documents responsive to the specific Interrogatory or Request for Production in which they are identified. If during this litigation, Plaintiff discovers documents which are responsive to these Interrogatories and Requests for Production that have not been previously produced, then they shall be disclosed in compliance with the Federal Rules of Civil Procedure.

2.     Plaintiff objects to the use of the terms "any" and "all" and in particular their juxtaposition, as vague, overly broad and unduly burdensome. All Interrogatories and Requests for Production propounded by SA which utilize the phrase "any" and "all" purport to call for a degree of detail that is beyond the realm of reason and is simply not required by the Federal Rules of Civil Procedure.

3.     Where an Interrogatory or request for production purports to call for a more comprehensive or expansive response than that given, Plaintiff objects to each such discovery request on the ground that it is impermissibly overbroad and is repetitive and not reasonably calculated to lead to the discovery of admissible non-cumulative evidence.

4.     Plaintiff objects to these discovery requests insofar as they seek information or documents relating to information other than, or circumstances dissimilar to the incident at issue. In so doing, SA is seeking information and documents that are not material or relevant to the issues in this matter and are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. As such, the extraneous information and documents sought are beyond the scope of discovery.

5.     Plaintiff objects to these Interrogatories and Requests for Production to the extent that they purport to seek information about any other time period other than that of the subject incident.

6.     Plaintiff incorporates each of these General Objections in all the following answers and responses. To the extent that Plaintiff responds to any interrogatory or Request for Production, it does not waive any General Objection, or any specific additional objection(s), and any answer or response is given subject to all such objections.

7. Plaintiff's production of any documents in response to this discovery is not a warranty that such documents are the only documents of such type it has ever had in its possession, and it objects to any suggestion that it is under any duty to produce any documents other than those in its possession at this time.

8. Many of SA's discovery requests are interrelated. Plaintiff's responses often contain certain specific cross-references to additional responses, each response should be considered responsive to the entire set of discovery.

9. For the purpose of these Responses, the following definitions shall apply:

   a. **NOT RELEVANT:** Means that the information sought is unrelated to the issues raised by the pleadings and therefore cannot lead to the discovery of admissible evidence.

   b. **BURDENSOME:** Means that the time and effort to obtain the requested information would place an inappropriate imposition on this Plaintiff far outweighing any value to SA and which would not be reasonably calculated to lead to this discovery of admissible evidence.

   c. **OVERBROAD:** Means the request seeks information beyond the scope of discovery permitted by Federal Rules of Civil Procedure.

## INTERROGATORIES

INTERROGATORY NO. 1: State your full name, social security number and complete mailing address.

ANSWER: Robert Ray Reed, 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, 50 Old Oak Drive, Vine Grove, KY 40175.

INTERROGATORY NO. 2: State the full name of your spouse, his/her social security number and his/her complete mailing address.

ANSWER: Wendy Lynn Reed, 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, 50 Old Oak Drive, Vine Grove, KY 40175.

INTERROGATORY NO. 3: State the name and address of your employer, and the name and address of your spouse's employer.

ANSWER: Plaintiff states that, since his on-the-job injury, he has been unable to work. Plaintiff's spouse is employed by the Human Resources Center of Excellence, Personnel Information Systems Directorate, Project Management Division, 1600 Spearhead Division Avenue, Fort Knox 40122.

INTERROGATORY NO. 4: Described in full detail your vocation, profession, or occupation.

ANSWER: *See* Plaintiff's Answer to the previous interrogatory.

INTERROGATORY NO. 5: Do you receive any income from the rental of any real property in which you own any interest?

ANSWER: Plaintiff states he does not receive any income from the rental of any real property.

INTERROGATORY NO. 6: If the answer to the foregoing Interrogatory is in the affirmative, state: (a) the location and description of each parcel of real property, (b) a general description of each building and improvement on each parcel of real property, (c) the total amount received as rent for each parcel of real property for each of the last three years, (d) the total amount of expenses, excluding depreciation or depletion, incurred as a result of the rental of these parcels of real property, (e) the name and address of each person having custody of any books of account or any records in connection with the rentals received and expenses incurred for each parcel.

ANSWER: *See* Plaintiff's Answer to the previous interrogatory.

INTERROGATORY NO. 7: Have you received any income from the payment of interest on any money loaned or on deposit in any bank or other savings institution or otherwise or elsewhere during any of the last three years? If so, state, (a) the total amount received for each of the last three years, (b) the nature of each transaction for which the interest was earned, (c) whether there are, at the present time, any payments of interest due to you but remaining unpaid and, if so, the amount due in each case.

ANSWER: Plaintiff states $1500.00 was borrowed from his spouse's retirement account.

INTERROGATORY NO. 8: Have you received any income from the payment of dividends during any of the last three years? If so, state: (a) the total amount received for each of the last three years, (b) whether you presently own any stock on which a dividend has been declared but remains unpaid, and, if so, (I) the amount of the dividend declared, (II) the date the dividend is payable, (III) the total number of shares outstanding in your name at the time the dividend was declared.

  ANSWER: Plaintiff states he has not received any income from dividends in the past three years.

  INTERROGATORY NO. 9: Do you own shares of stock in any corporation? If so, state: (a) the true corporate name and place of business of said corporation, (b) the number of outstanding shares of stock of the corporation, (c) the number share of stock of the corporation that you own, (d) the net earnings per share of the corporation for the last fiscal year, (e) the amount of all dividends declared for the same period, (f) the amount of undivided surplus remaining among the corporate assets, (g) the reason why any undivided surplus has not been distributed as dividends.

  ANSWER: Plaintiff states he does not own shares of stock in any corporation.

  INTERROGATORY NO. 10: Do you receive any income and/or salary from any business in which you are an employee or the sole proprietor? If so state: (a) the name under which the business is conducted, (b) the type of business conducted, (c) the principle place of business, (d) the amount of any salary you regularly draw from the business, (e) what duties you perform in connection with the operation of the business, (f) the accounting periods for which profits or losses are calculated, (g) the method employed to transfer any profits from the company accounts to your personal account, (h) the total amount of all transfers of money from the business accounts to your personal account during the last three years, (i) the date of the last distribution of profits to you.

  ANSWER: Plaintiff states he does not receive income and/or salary from any business in which he is an employee or the sole proprietor.

  INTERROGATORY NO. 11: Do you have any ownership or other interest in any real property? If so, state: (a) the address and legal description of the property, (b) the size of the property, (c) a description of each structure and other improvement on the property, (d) the name and address of each person or business, other than you, with an ownership or other interest in the property, (e) the ownership of the property as stated in the documents of title, and the location of each such document, (f) the present value of your equity interest in the property.

  ANSWER: Plaintiff states he does not have any ownership or other interest in any real property.

  INTERROGATORY NO. 12: State whether you own or have possession of any of the following items, and if so, describe completely and state whether you own the items solely or with another and worth of each item: (a) all motor vehicle, (b) boats and trailers, (c) cash on hand, (d) household goods, (e) books, picture and/or other collections, (f) jewelry, works of art, coin and/or stamp collections.

  ANSWER: Plaintiff states that he and his spouse own a 2010 Jeep Liberty, 2011 Nissan Titan, 2006 Kawasaki Mean Street, 2000 Volkswagen Bug, and cash in banking accounts to pay bills.

  INTERROGATORY NO. 13: Is any of the real or personal property owned by you, either individually or jointly, or otherwise, encumbered or pledged to secure a debt by either a real estate mortgage or any other type lien? If so, for each item of property state: (a) a

description of the property encumbered, (b) the date when the property was encumbered, (c) the name and address of each person who holds the encumbrance, (d) the nature of each encumbrance, (e) the consideration received for each encumbrance, (f) the name and address of each person who paid the consideration for the encumbrance, (g) the date and place of recording and sufficient description of the recording date for each encumbrance, to identify it, (h) the amount of the debt the property was pledged to secure, (i) how the debt was incurred, (j) the date on which the debt was incurred, (k) the place where the debt was incurred, (l) the name and address of each pledgee, (m) the date on which possession of the property pledged was transferred to the pledgee.

      ANSWER:    Plaintiff states that he and his wife owned a home at 897 Sunset Drive, Vine Grove, KY 40175, but Bank of America foreclosed on the property following Plaintiff's on-the-job accident.

      INTERROGATORY NO. 14:    Do you have an ownership in any business? If so, for each business, state: (a) the name of the business, (b) the address of the principal place of business or general office, (c) the address of each place at which any of the business is conducted, (d) the type of business conducted, (e) the form of business organization, (f) the date you acquired your interest in the business, (g) the present value of your interest in the business, and its percentage of the total value of the business, (h) your office or position in the business, (i) the name and address of each officer and director or partner of the business, (h) the name and address of each bank at which the business maintains any type of checking or deposit account or which the business has borrowed money.

      ANSWER:    Plaintiff states that he does not have an ownership interest in any business.

      INTERROGATORY NO. 15:    Do you own any stock, bonds, or other securities of any class in any government, governmental organization, company, firm or corporation, whether foreign or domestic? If so, for each organization state: (a) the name and address of the organization in which Judgment Debtor owns any proprietary or security interest of any sort, (b) a description of such security or other service of ownership, (c) the serial number of each bond, share, stock certificate or other evidence of ownership or security, (d) the date on which each bond, share, stock certificate or other similar interest was acquired by you, (e) how each bond, share, stock certificate or other interest was acquired by you, (f) the name and address of each person, firm or corporation from whom each bond, share, stock certificate or other interest was acquired, regardless of mode of acquisition, (g) the name, address, and telephone number of any person, firm or corporation with whom you share, under any form of joint ownership or community interest, any degree of ownership or control of any of the above securities, (h) whether or not you presently own any money to anyone for the purchase of the securities.

      ANSWER:    Plaintiff states he does not own any stock, bonds, or other securities of any class in any government, government organization, company, firm or corporation, whether foreign or domestic.

      INTERROGATORY NO. 16:    Do you maintain any personal checking or savings accounts in any bank(s) or other financial institution(s)? If so, for each account, state: (a) where the account is located, (b) under what name the account is held, (c) the name of the bank and

branch holding the account, and (d) the balance of the account as of the date of service of these Interrogatories.

ANSWER: Plaintiff states he and his spouse have two (2) checking accounts with Your Community Bank in he and his spouse's name. As of November 28, 2016, the balances are: S108.53 and $185.03.

INTERROGATORY NO. 17: Do you have a joint savings or checking account with anyone? If so, for each account, state: (a) where the account is located, (b) the name of the bank or branch holding the account, (c) the name under which it is held, the balance of the account as of the date of the service of these Interrogatories.

ANSWER: *See* Plaintiff's Answer to the previous interrogatory.

INTERROGATORY NO. 18: Have you, at any time during the past two years, paid or had paid for you the premiums, on any life insurance policy payable to you, your estate, your spouse, or your spouse's estate?

ANSWER: Plaintiff states that at no time during the past two years, paid or had paid for him premiums on any life insurance policy payable to him, his estate, his spouse, or his spouse's estate.

INTERROGATORY NO. 19: If so, for each policy state: (a) the name and address of the company that issued it, (b) the number of the policy, (c) the face value of the policy on the death of the insured, (d) the present value of the policy, (e) the date the policy was issued, (f) the total consideration paid to the company that issued it between the date of issuance and the present date, (g) the name and address of each person, firm or corporation who made each payment, (h) the date on which each payment was made, (i) the present whereabouts of each document or contract of insurance issued to you in connection with, or as evidenced by, the policy of insurance, (j) the name, address and telephone number of each person who has custody of a copy of the document or contract. Attach a copy of each document or contract of insurance to your answer to these Interrogatories.

ANSWER: *See* Plaintiff's Answer to the previous interrogatory.

INTERROGATORY NO. 20: Have you, at any time within the past twelve months, conveyed or disposed of any property real or personal either by sale, gift or otherwise? If so, for each disposition, state: (a) a description of the property disposed of, (b) the date of disposition was made, (d) how disposition was made, by sale, gift or otherwise, (e) what consideration was received.

ANSWER: *See* Plaintiff's Answer to Interrogatory No. 13.

INTERROGATORY NO. 21: Do you at the present time have any creditors? If so, for each creditor, state: (a) the name and address of each creditor, (b) the amount of the debt owed, (c) the date the debt was incurred, (d) a description of the security given to secure the debt, (e) the consideration you received for the debt.

ANSWER: *See* Plaintiff's Responses to SA Request for Production of Documents.

INTERROGATORY NO. 22: Separately list all of your assets and all of your liabilities, showing the name and address of all persons or others to whom you are indebted, the amounts owed, the basis of the debts in each case, when the debts were created, and the date the debts were incurred by you.

ANSWER: *See* Plaintiff's Answers to the previous interrogatory, Interrogatory No. 12, and his Responses to SA's Request for Production of Documents.

INTERROGATORY NO. 23: List in full and complete detail all accounts receivable in which you or any business of yours have any right, title, or interest, including: (a) the name and full address of each debtor, (b) the amount presently owed, (c) the purpose of the debt, (d) the date the debt was created, (e) the value of your interest in said debt, (f) the value of the interest and name and full address of all persons having any interest in said debt, and (g) the date of the last payment of any amount on any of said indebtedness.

ANSWER: Plaintiff states he does not have any right, title, or interest in any account receivable from any business.

INTERROGATORY NO. 24: Do you receive any income and/or benefits from any source other than as previously set forth, such as retirement, Social Security, workers compensation, or disability, or any other government assistance? If so, please identify the source, and provide the complete address information, the amount you receive and where you receive it.

ANSWER: Plaintiff states he receives $167.00 on the 3rd day of each month from Social Security Disability Insurance, and $1745.00 on the 1st day of each month in VA Disability Benefits, and his spouse receives $889.10 in bi-weekly payments from her employment.

INTERROGATORY NO. 25: Have you within the last 12 months applied for any credit or loans with any bank, lending institution, retail store or other business? If so, please identify the bank, lending institution, store or business with which you have applied, and state the amount requested and the purpose for said application. If your application was approved and you were granted the credit or loan, please state the amount received. If your application was denied, please state the reason for the denial.

ANSWER: Plaintiff states he submitted a credit application to Swiss Colony in the last twelve (12) months, but the application was denied due to a low credit score.

## REQUEST FOR PRODUCTION OF DOCUMENTS

In addition to the documents requested in the foregoing Interrogatories, the Judgment Debtor should produce the following documents in accordance with the previous instructions and pursuant to Rule 34.

Definition: The terms "document" or "documents" as used in this request for production for documents shall mean and include original writing, handwritten, typed or otherwise reproduced and not identical copy; writing of any kind, correspondence, memoranda, contracts,

agreements, drawings, graphs, certificate, charges, photographs and any other date compilations from which information can be obtained, in the actual or constructive possession, custody or control of the Judgment Debtor regardless of where located.

1. Deeds to all real property in which the Judgment Debtor owns or holds any interest;
2. Mortgages to which the Judgment Debtor is a party;
3. Stock certificates;
4. Bonds;
5. Certificates of Deposit;
6. Federal and State Tax Returns for the tax years 2012, 2013, 2014, and 2015, and any amendments or extensions filed;
7. Any credit application submitted to banks, lending institution, retail store or other business during the last 12 months;
8. Any and all bank statements or statements from other financial institutions for the last six months;
9. Any and all money market, brokerage, or similar account statements for the last six months.

RESPONSE:   *See* attached documents and records.

                    Respectfully submitted,

                    s/ Samuel G. Hayward
                    Samuel G. Hayward
                    ADAMS HAYWARD & WELSH
                    Louisville, Kentucky 40213
                    T: (502) 366-6456
                    F: (502) 366-4095
                    sam@samhaywardlaw.com
                    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 29, 2016, a true and correct copy of the foregoing was served via U.S. Mail, First Class, postage prepaid, upon the following:

John O. Sheller
Stoll Keenon Ogden PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202-2828
T: (502) 560-4288
F: (502) 562-0939
john.sheller@skofirm.com

Jeffrey J. Chapuran
Stoll Keenon Ogden PLLC
300 West. Vine Street, Suite 2100
Lexington, KY 40507-1801
T: (859) 231-3000
F: (859) 231-3000

*Counsel for Defendant SourceAmerica*

Craig L. Johnson, Esq.
Whonsetler& Johnson, PLLC
11901 Brinley Avenue
Louisville, KY 40243
T: (502) 895-2297 x 114
johnson@whonsetler.com
*Counsel for Defendant Gulf Coast Enterprises*

Sean Ragland, Esq.
Phillips Parker Orberson& Arnett PLC
716 West Main Street, Suite 300
T: (502) 560-9985
sragland@ppoalaw.com

*Counsel for Defendant The Ginn Group, Inc.,*


s/ Samuel G. Hayward
Samuel G. Hayward
*Counsel for Plaintiff*