# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| ROBERTY RAY REED ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-CV-295-JHM |
| ) | |
| GULF COAST ENTERPRISES ) | |
| THE GINN GROUP, INC. ) | |
| AND ) | |
| GARY MATTHEWS ) | |
| ) | |
| Defendants. ) | |

## THE GINN GROUP, INC.'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Comes the Defendant, The Ginn Group, Inc. ("The Ginn Group"), by counsel, and pursuant to Fed. R. Civ. P. 56, submits this memorandum in support of its Motion for Summary Judgment.

## FACTS

Defendant, The Ginn Group, incorporates by reference the factual background of this matter as set forth in Defendant SourceAmerica's Motion for Summary Judgment [DN 9] and this Court's Memorandum Opinion & Order regarding the same [DN 20]. Additionally, The Ginn Group relies upon the attached Affidavit of Thomas Pettigrew, Human Resources Director with The Ginn Group, which includes, in part, an express denial that Plaintiff, Robert Ray Reed ever was an employee of The Ginn Group. [Exhibit

1, Affidavit of Thomas Pettigrew].

**ARGUMENT**

Defendant, The Ginn Group, is entitled to Summary Judgment on the same grounds as asserted by Co-Defendant SourceAmerica in its Motion for Summary Judgment [DN 9] and the Court's Memorandum Opinion & Order [DN 20] granting the same.

Defendant incorporates by reference the Courts Memorandum Opinion & Order [DN 20] granting Co-Defendant Source America's Motion for Summary Judgment on the following claims:

1. <u>Count I: Disability Discrimination</u> [DN 20, p.15]

"A prerequisite to liability for discrimination under the KCRA [Kentucky Civil Rights Act] is that an employment relationship exist between the defendant and the plaintiff, that is, the defendant must actually be an employer of the plaintiff." [citations omitted] As The Ginn Group was not Plaintiff's employer, it is also entitled to Judgment in its favor on Count I.

2. <u>Count III: Promissory Estoppel</u> [DN 20, p. 19]

"Reed's promissory estoppel claim is asserted against CGE [Gulf Coast Enterprises]; Reed does not assert his promissory estoppel claim against Source America." [DN 20, p. 19] Reed also does not assert his promissory estoppel claim against The Ginn Group. Furthermore, The Ginn Group never employed Reed so "it could not have induced him to accept an offer of employment." As such, The Ginn Group is also entitled to Judgment in its favor on Count III.

    3.    <u>Count V: Civil Conspiracy</u> [DN 20, p. 27]

"A party who cannot be liable for the underlying tort as a matter of law - as SourceAmerica cannot be liable for the underlying disability discrimination claim - cannot be liable for conspiracy to commit that tort." [citation ommited] The same is true for The Ginn Group. Because The Ginn Group cannot be liable for the underlying disability discrimination claim (Count I), it cannot be liable for conspiracy to commit that tort. As such, The Ginn Group is also entitled to Judgment in its favor on Count V.

    4.    <u>Count VI: Retaliation, KRS 344.280</u> [DN 20, p. 30]

"Because Reed has not alleged that SourceAmerica took an adverse employment action, he has not satisfied his prima face case." [citation omitted] Similarly, Reed has not alleged that The Ginn Group took "an adverse employment action," and he, therefore, "has not satisfied his prima face case" with regard to Count VI as it applies to The Ginn Group. As such, The Ginn Group is also entitled to Judgment in its favor on Count VI.

    5.    <u>Count VII: Retaliation, EEOC</u> [DN 20, p. 31-32]

Just as Defendant SourceAmerica was unaware of that Plaintiff filed a charge of discrimination with the EEOC, The Ginn Group also had no knowledge or reason to know of Plaintiff's EEOC charge. [Exhibit 1, Affidavit of Thomas Pettigrew]. As such "Reed cannot establish an essential element of the claim" and The Ginn Group is also entitled to judgment in its favor on Count VII.

    6.    <u>Count VIII: Negligent Infliction of Emotional Distress</u> [DN 20, p. 35]

"Reed has not alleged that SourceAmerica owed a duty to him to inform him of his employment/termination status, let alone identify the source of any such duty." [citation

omitted] Similarly, The Ginn Group was not Plaintiff's employer, and Reed has not alleged any duty of The Ginn Group to inform him of his employment/termination status, and Plaintiff has not identify the source of any such duty. As such, The Ginn Group is also entitled to Judgment in its favor on Count VIII.

7. <u>Count II: Negligent Hiring/Firing/Supervision</u> [DN 20, p. 17]

The Plaintiff's claim for The Ginn Group's alleged negligent hiring/retention of Gary Matthews is also subject to summary dismissal. The deadline for the completion of discovery has passed and there has been no evidence developed of any kind in this case to support any negligent hiring or retention claim against The Ginn Group. Therefore The Ginn Group should now be entitled to judgment as a matter of law on that claim as well.

## CONCLUSION

For the reasons set forth above, Defendant The Ginn Group respectfully requests this court grant its Motion for Summary Judgment.

Respectfully Submitted,

PHILLIPS PARKER ORBERSON & ARNETT, PLC

<u>/s/ Sean Ragland</u>
Sean Ragland
Nicholas R. Hart
716 West Main Street, Suite 300
Louisville, KY 40202
(502)583-9900 - Phone
(502)587-1927 - Facsimile
*Counsel for Defendant The Ginn Group, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on the 5th day of September, 2017:

Samuel G. Hayward
Samuel "Chip" G. Hayward
ADAMS HAYWARD & WELSH
4036 Preston Highway
Louisville, KY 40213
*Counsel for Plaintiff*

Craig L. Johnson
WHONSETLER & JOHNSON, PLLC
11901 Brinley Avenue
Louisville, KY 40243
*Counsel for Defendant Gulf Coast Enterprises*

                                     */s/ Sean Ragland*
                                     Sean Ragland
                                     Nicholas R. Hart