# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00295-JHM

ROBERT RAY REED                                                PLAINTIFF

V.

GULF COAST ENTERPRISES, et al                            DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court on a motion for summary judgment by defendant, The Ginn Group, Inc. ("Ginn Group"). (DN 50.) Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

This case arises out of plaintiff Robert Ray Reed's employment with and subsequent termination from defendant Gulf Coast Enterprises ("GCE"). According to the complaint, from November 2010 to November 2012, Reed, who is disabled, was employed by GCE. (Compl. [DN 1-2] ¶¶ 2–3, 17–18, 37.) On March 16, 2015, Reed filed a complaint in state court against GCE, the Ginn Group, SourceAmerica, and Gary Matthews, an employee of the Ginn Group. Reed asserted claims for (1) disability discrimination in violation of the Kentucky Civil Rights Act ("KCRA"), KRS § 344.040; (2) negligent hiring/retention/supervision; (3) promissory estoppel; (4) failure to protect; (5) civil conspiracy; (6) civil conspiracy (retaliation) in violation of KRS § 344.280; (7) retaliation (EEOC) in violation of KRS § 344.280; and (8) negligent infliction of emotional distress.

On April 20, 2015, SourceAmerica, GCE, and the Ginn Group removed the case from state court to this Court. (DN 1.) SourceAmerica later moved for either judgment on the pleadings or summary judgment as to all claims asserted against it by Reed. (DN 9.) After ordering briefing on whether this Court possessed subject matter jurisdiction (DN 17), the Court determined that

the parties were diverse so as to give this Court jurisdiction and granted SourceAmerica's motion as to all claims against it. (DN 20.) The Ginn Group now moves for summary judgment as to seven of the eight claims made against it,[1] relying largely on this Court's prior decision granting judgment in SourceAmerica's favor. (DN 50.) Reed has responded in opposition to the Ginn Group's motion. (DN 55.)

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence

---

[1] The Ginn Group did not move for summary judgment as to Count IV for failure to protect, as it makes no explicit mention of that claim in its motion. It does states that the motion "incorporates by reference the Courts Memorandum Opinion & Order [DN 20], granting Co-Defendant Source America's Motion for Summary Judgment on the following claims," but it does not include the failure to protect claim in that list. Regardless of whether this omission was deliberate or accidental, the Court does not construe the motion as including Count IV.

of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

The Ginn Group has moved for summary judgment as to seven of the claims asserted against it by Reed. In support of its motion, it argues that it is was not in the requisite employer-employee relationship with Reed that is required for a claim of employment discrimination. It also cites to the Court's prior decision granting judgment on the pleadings in favor of SourceAmerica, as Reed had also failed to establish that he was in an employer-employee relationship with SourceAmerica.

The KCRA is interpreted consistently with federal antidiscrimination laws when similar language is used in both. *See Laferty v. United Parcel Service, Inc.*, 186 F. Supp. 3d 702, 707–08 (W.D. Ky. 2016) ("courts interpret the KCRA consistent with the [Americans with Disabilities Act]"); *Brooks v. Lexington-Fayette Urban Cty. Hous. Auth.*, 132 S.W.3d 790, 802 (Ky. 2004) (interpreting "retaliation" under the KCRA consistent with the its interpretation under Title VII). To be liable for a claim of employment discrimination, the defendant must be in an employer-employee relationship with the plaintiff. *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 491 (6th Cir. 2011) (applying both Title VII and the KCRA). There are different theories under which an entity can be considered an employer, with two being relevant to this case. *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997) (listing theories under which defendant could be considered "employer" of plaintiff under Title VII). Under the direct employment theory, an employee works directly for the employer, while under the joint employer theory, "one defendant has control over another company's employees [so that] the two companies are acting as a 'joint employer' of those employees." *Id.* (citations

omitted). Four factors will generally be considered in determining whether a joint employer relationship exists: "the interrelation of operations between the companies, common management, centralized control of labor relations, and common ownership." *Int'l Longshoremen's Ass'n v. Norfolk S. Corp.*, 927 F.2d 900, 902 (6th Cir. 1991) (citations omitted).

In support of its motion, the Ginn Group has attached an affidavit from its director of human resources that states that Reed was employed by GCE and that the Ginn Group did not employ Reed, take any action with respect to Reed's employment, or influence GCE or any other entity to take action. (Pettigrew Aff. [DN 50-2] ¶¶ 1–4.) In response, Reed argues that a genuine dispute exists in regards to whether the Ginn Group was a joint employer with GCE so as to be considered his employer under the KCRA. He cites to factual allegations in his complaint to support this argument; however, despite Reed characterizing his initial pleading as a verified complaint, the complaint is not verified. (*See* Pl.'s Compl. [DN 1-2] at 9–14.)

As stated previously, under Fed. R. Civ. P. 56 and the Supreme Court decisions in *Celotex*, *Anderson*, and *Matsushita*, a motion for summary judgment is to be evaluated under a burden-shifting scheme. This scheme presents two close questions in this case. First, has the Ginn Group met its burden through its affidavit that summarily states that it did not employ Reed? And second, if that burden has been met, does Reed's invocation of the joint employer theory, while mentioning no facts from the record, adequately rebut this showing?

The affidavit submitted by the Ginn Group is competent evidence that this Court may consider in deciding the present motion; Fed. R. Civ. P. 56(c)(1)(A) permits parties moving for summary judgment to cite to affidavits to support the assertion that there is no genuine factual dispute. However, this affidavit leaves much to be desired. It lacks many of the details about the business relationship between the corporate defendants in this case that were included in a prior

affidavit, submitted by SourceAmerica, that the Court found sufficient to grant judgment in its favor. (*See* Cooke Aff. [DN 9-2] ¶¶ 1–9.) These details would be useful to the Court in evaluating the four factors that are generally considered when determining if two entities are joint employers. Further, while the Sixth Circuit appears to have never addressed the issue, other Courts of Appeals have found motions for summary judgment that are only supported by a single affidavit that is "conclusory and lacking in specific facts" to be insufficient. *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (quotations omitted). *But see Washington v. Louisiana*, 628 F. App'x 914, 918 (5th Cir. 2015) ("A single affidavit can support summary judgment") (citations omitted).

The Court finds that the Ginn Group has not met its burden as the moving party under the summary judgment standard, and the Court will not grant summary judgment in its favor at this time. The parties have agreed that there are additional facts to be discovered. (DN 54.) The Court will extend the discovery deadline as well as the deadline for dispositive motions by separate Order. The Ginn Group may refile its motion for summary judgment at that time.

## IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the motion for summary judgment by the Ginn Group, Inc. (DN 50) is **DENIED.**

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

October 26, 2017

cc: Counsel of Record