UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ROBERT RAY REED | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:15-cv-295-JHM-CHL |
| | ) |
| GULF COAST ENTERPRISES, ET AL. | ) |
| | ) |
| Defendants, | ) |

**DEFENDANT, GULF COAST ENTERPRISES', MOTION FOR RECONSIDERATION**

Comes now the Defendant, Gulf Coast Enterprises ("Gulf Coast" or "GCE"), by and through counsel, pursuant to Federal Rule of Civil Procedure 59(e), and does hereby submits this Motion for Reconsideration of the portion of the Order denying Gulf Coast's Motion for Summary Judgment with regard to Count IV of Plaintiff's Complaint [DN 71 at 11 through 13].

## I.   INTRODUCTION

The April 24, 2018 Order denied Gulf Coast's Motion for Summary Judgment on Count IV of Plaintiff's Complaint (common law negligence "failure to protect") without mention of the exclusivity provision of the Workers Compensation Claims Act. [DN 71 at 11-13]. This Court construed the crux of this particular claim to be one of negligence in which the Plaintiff alleges that Gulf Coast breached its duty which "…caused him to injure his ankle in November 2013." [DN 71 at 13].

The record is without dispute that this particular injury refers to the ankle injury Plaintiff sustained in the course and scope of his employment with Gulf Coast on November 12, 2013. This Court has previously acknowledged Kentucky's long history of interpreting the Workers' Compensation Act to prohibit tort actions grounded in negligence between an employer and employee. *Roof v. Bel Brands USA, Inc.*, 4:14CV-00071-JHM, 2014 WL 5243051, at *8 (W.D.

Ky. Oct. 15, 2014), *aff'd in part, rev'd in part and remanded*, 641 Fed. Appx. 492 (6th Cir. 2016) (internal citations omitted). The Sixth Circuit upheld this Court's dismissal of negligence claims against an employer based on the Exclusivity provision.

Gulf Coast raised the exclusivity provision of the Workers Compensation Act as a bar to Plaintiff's claim in its Reply in Support of Motion for Summary Judgment [DN 70-1 at 3-4].[1] However, the Court's Memorandum and Opinion did not address this defense. Since this is a viable defense which should bar Count IV, Gulf Coast would respectfully request the Court to reconsider the portion of the Order with respect to said claim.

## ARGUMENT AND AUTHORITY

A motion to reconsider is treated as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617-18 (6th Cir. 2002). Such motion may be granted where there is a clear error of law, newly discovered evidence, an intervening change of law or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 824 (6th Cir. 1999). Defendant GCE does not request relief collateral to the Judgment. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-77 (1989); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rather, relief is sought to avoid manifest injustice to the Defendant resulting from a failure to consider a legal bar to Plaintiff's new common law negligence claim.

In the three years since filing his Complaint, the only grounds Plaintiff asserted against Gulf Coast in Count IV was that it failed to protect him from the actions and behaviors of Mr. Vandiver, Defendant Reins, Defendant Matthews, and "others." [DN 1-2 at ¶¶83, 85-88]. In fact,

---

[1] Gulf Coast initially raised the Exclusivity Provision of the Workers Compensation Act in its Reply [DN 70-1] as Plaintiff's Response to Gulf Coast's Motion for Summary Judgment was the first time he asserted a common-law negligence claim against GCE for the on the job injury of November 12, 2013. See Plaintiff's Complaint [DN 1-2 at ¶86].

2

it was not until Gulf Coast filed its Motion for Summary Judgment that Plaintiff altered the factual basis of his allegations against the Defendants to plead a common-law negligence claim relating to the November 12, 2013 job-site injury. [DN 67 at pp. 13 - 14]. While this Court summarily dismissed Plaintiff's Count IV claims regarding the alleged behaviors of the individual actors specifically named therein (i.e. calling Plaintiff "Silent Bob" is not sufficient to create a hostile work environment." [DN 71 at 12]), this Court construed Count IV to include Plaintiff's new negligence theory as to whether Gulf Coast breached its duty causing Plaintiff's November 12, 2013 job-site injury.  The Court relied upon *Stinnett v. Buchele*, 598 S.W.2d 469, 471 (Ky. Ct. App. 1980) (quoting *Happy-Scuddy Coal Co. v. Combs*, 219 S.W.2d 968, 970 (Ky. 1949)) in its analysis to conclude "The measure of duty is to exercise ordinary or reasonable care to do so. The standard is the care exercised by prudent employers in similar circumstances."  However, this case is readily distinguishable from *Stinnett* in that Stinnett, the employee, was allowed to file a civil action against his employer, following a workmen's compensation proceeding wherein it had been held that the employee, being employed in agriculture, was <u>exempt from coverage of the Workmen's Compensation Act</u>.  (Emphasis added).

      Here, Plaintiff filed a Workers Compensation Claim for his November 12, 2013 on the job injury.  Plaintiff testified in his deposition that he received a settlement for this claim.  The Exclusivity Provision defense provides that the Act is the exclusive remedy for an employee who is injured while working for an insured or self-insured employer. KRS 342.690 (1) states that:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death…

3

Thus, an insured employer, such as Gulf Coast, is exempt from liability for damages resulting from injuries that occur to employees during the course of their employment. This exemption from liability extends to an employer's insurance carrier and other employees." *Jones v. Dougherty*, 412 S.W.3d 188, 192 (Ky. App. 2012). Essentially, the exclusive remedy provision of the workers' compensation statute grants immunity for liability arising from common law and statutory claims, meaning such claims cannot be pursued in the courts of the Commonwealth. *State Farm Mut. Auto. Ins. Co. v. Slusher* (Ky. 2010) 325 S.W.3d 318. Accordingly, the Exclusivity provision bars any subsequent non-workers compensation damages against Gulf Coast.

Recently, this Court dismissed a plaintiff employee's common law negligence claims relating to negligent hiring, retention, and supervision against her employer, which occurred during the course and scope of their employment, because such negligence claims were barred by the Exclusivity provision. *Roof v. Bel Brands USA, Inc.,* 4:14CV-00071-JHM, 2014 WL 5243051, at *8 (W.D. Ky. Oct. 15, 2014), [hereafter "*Roof I*"] *aff'd in part, rev'd in part and remanded*, 641 Fed. Appx. 492 (6th Cir. 2016) [hereafter "*Roof II*"]. In dismissing these negligence claims against Bel Brands, this Court upheld "Kentucky's long history of interpreting the Workers' Compensation Act to prohibit tort actions grounded in negligence between an employer and employee," stating:

> KRS § 342.690(1) provides in relevant part that "[i]f an employer secures payment of compensation [under KWCA], the liability of such employer under this chapter shall be exclusive." KRS § 342.690(1).
>
> In *Grego v. Meijer, Inc.,* the court held, "[t]he statute and Kentucky case law interpreting the *statute make it clear that the Workers' Compensation Act provides the exclusive remedy where a covered employee is injured by her employer's negligent actions*." 239 F.Supp.2d 676, 683 (W.D.Ky.2002). Specifically, the district court held that "[b]ased on the plain language of KRS 342.690(1) and *the Kentucky courts' long history of interpreting the Workers' Compensation Act to prohibit tort actions grounded in negligence between an employer and employee … the exclusivity provision of Kentucky's Workers Compensation Act bars*

4

> *negligent supervision claims between an employer and employee*." *Id.*; *Tucker,* 2010 WL 2773390, *11(citing *Estes v. Carpenter Co.,* 2004 WL 2633544, *7 (Ky.Ct.App. Nov. 19, 2004); *Bischoff v. Sears, Roebuck & Co.,* 861 F.2d 719, 1988 WL 114804, *2 (6th Cir. Oct. 28, 1988)).

*Id.* (emphasis added). Upon appeal, the Sixth Circuit upheld this Court's dismissal of these negligence claims, stating, "This is precisely the sort of claim that is preempted by the KWCA." *Roof II* at 499.

Because this Court acknowledged that Plaintiff now claims damages for his November 12, 2013 job-site injury, for which he previously filed and received workers compensation benefits, like in *Roof,* "this is precisely the sort of claim that is preempted by the KWCA." Accordingly, Gulf Coast would request the Court to reconsider the exclusiveness of liability set forth in KRS 342.690.

## II. CONCLUSION AND REQUEST FOR RELIEF

The Court's April 24, 2018 Memorandum and Order concluded that Count IV of Plaintiff's Complaint against Gulf Coast is one based on common law negligence principles. Since the Exclusivity Provision of the Workers' Compensation Claims Act bars such claims, this Court should reconsider the portion of its Order which addressed Count IV of Plaintiff's Complaint and grant Gulf Coast's Motion for Summary Judgment with respect to that claim.

Respectfully submitted,

/s/ *Gregory L. Finch*
Craig L. Johnson
Gregory L. Finch
WHONSETLER & JOHNSON, PLLC
11901 Brinley Avenue
Louisville, KY 40243
Phone: (502) 895-2297
Fax: (502) 895-9764
johnson@whonsetler.com
finch@whonsetler.com
*Counsel for Defendant, Gulf Coast Enterprises*

5

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 10, 2018 a copy of the foregoing was filed electronically through the ECF system, which will send a notice of electronic filing to:

Samuel G. Hayward, Esq.
Samuel G. "Chip" Hayward, Jr.
ADAMS HAYWARD & WELSH
4036 Preston Highway
Louisville, KY 40213
samuelghayward@hotmail.com
*Counsel for Plaintiff*

Sean Ragland, Esq.
Nicholas R. Hart, Esq.
Phillips Parker Orberson & Arnett, PLC
716 West Main Street, Suite 300
Louisville, KY 40202
sragland@ppoalaw.com
nhart@ppoalaw.com
*Counsel for The Ginn Group, Inc.*


/s/ Gregory L. Finch
Craig L. Johnson, Esq.
Gregory L. Finch, Esq.